E. N. HOLT AS TAX COLLECTOR OF CLAY COUNTY, FLORIDA, *Appellant*, v. HILLMAN-SUTHERLAND COMPANY, A CORPORATION, J. S. SMITH AND J. C. EDWARDS, *Appellees*.

| 56 | 801 |
| f56 | 902 |
| 56 | 801 |
| 58 | 463 |
| f59 | 466 |
| f60 | 399 |

1. In passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief.

2. The granting or refusing of an application for a temporary injunction is a matter which rests largely within the sound judicial discretion of the Circuit Court, to be governed by all the circumstances of the case, and an abuse of such discretion should be shown in order to warrant an appellate court in disturbing such orders.

This case was decided by Division A.

Appeal from the Circuit Court for Clay County.

The facts in the case are stated in the opinion of the court.

*W. H. Baker* and *G. W. Geiger,* for appellant.

*E. J. L'Engle,* for appellees.

SHACKLEFORD, C. J.—This case comes here on an appeal from two interlocutory orders, one of which granted a temporary injunction to the appellees against the appellant and the other overruled the demurrer interposed to the bill of complaint filed by the appellees. Very briefly stated, the bill alleged that the Hillman-Sutherland Company, on the first day of January, 1907, was, and at all times since then has been and still is, the owner in fee simple of about 29,460 acres of land in Clay county, all of which was duly and regularly assessed by the tax assessor of such county for the year 1907, and entered upon the assessment roll in the manner and as required by law, without excepting or reserving any right, title, interest or estate therein, and that such assessment did not purport to be separate or distinct from the value of the timber and turpentine privileges upon such lands but appeared to be and was complete and unrestricted; that, on or about the 13th day of April, 1908, such appellee paid to the appellant "all of the taxes of every kind so assessed against said lands, and thereupon was given by and received from said tax collector complete tax receipts for said taxes;" that, under and by virtue of an agreement entered into between the Board of County Commissioners and the tax assessor of such county, the latter proceeded to list and enter upon the assessment rolls of such county for the year 1907, under the caption of "Turpentine, Lease and Special Privilege Assess-

ments," on pages separate and distinct from the remainder of such rolls, a large amount of lands in such county, including the lands of the appellees and to assess all of such lands so entered at a uniform valuation of one dollar per acre, regardless of their real or actual value or of the differences in value of the different portions of such lands; that such commissioners and assessor claimed to be acting under the provisions of Chapter 5380, Laws of Florida of 1905; that prior to the time of such assessment, such appellee and the other appellees had entered into an agreement for the working of such lands for turpentine purposes for the joint interest of all the appellees; that the appellant was advertising for sale on the first day of June, 1908, for non-payment of such "Turpentine, Lease and Special Privilege Assessment," the leasehold and other right, title, interest and estate in said lands so assessed as aforesaid," and unless enjoined by the court, would sell the same and issue tax certificate thereon, thereby casting a cloud upon and impairing the title to such lands.

The court made an order on the 30th day of May, 1908, granting a temporary injunction in accordance with the prayer of the bill, reciting therein that it had been made to appear to the court that notice of such application together with a copy of the bill had been duly and regularly served upon the appellant.

On the 6th day of July, 1908, the appellant interposed a demurrer to the bill, which was overruled by the court in an order dated the 27th day of August, 1908, in which the appellant was allowed until the rule day in September in which to answer or plead to the bill, as he might be advised.

We shall treat together the errors assigned upon these

two orders. As was held in Lindsley v. McIver, 51 Fla. 463, 40 South. Rep. 619, in passing upon a demurrer to the whole bill in a suit in equity, every presumption is against the bill, but it is also true that such a demurrer operates as an admission that all the allegations in the bill which are well pleaded are true, and a demurrer to the whole bill should be overruled if the bill makes any case for equitable relief. We are clear that if all the allegations which are well pleaded in the bill in the instant case be taken as true, as must be done upon the demurrer, that the bill makes such a case for equitable relief as to enable it to successfully withstand the attack made upon it by way of demurrer. We think that even the very condensed statement of the allegations of the bill which we have given above sufficiently shows that the bill is not wanting in equity.

It is further settled law here that the granting or refusing of an application for a temporary injunction is a matter which rests largely within the sound judicial discretion of the court, to be governed by all the circumstances of the case, and that an abuse of such discretion should be shown in order to warrant an appellate court in disturbing such orders. Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, and authorities there cited. As we have seen, the bill had sufficient equity to warrant the overruling of a demurrer directed against it. We are also of the opinion that no abuse of discretion is made to appear to us in the granting of the temporary injunction. The appellant had due notice of such application and could have appeared at the hearing and resisted the same had he seen fit to do so. Since this appeal is only from interlocutory orders, we do not feel called upon to go into any discussion of the merits. What may develop during later stages of the litigation in the way of pleading and proof

we do not know. What we have said sufficiently disposes of the assignments on such two interlocutory orders. No error having been made to appear to us, it follows that they must be affirmed.

COCKRELL and WHITFIELD, JJ., concur

TAYLOR, HOCKER AND PARKHILL, JJ., concur in the opinion.