A. JOSEPH DAOUD, Petitioner, v. CITY OF MIAMI BEACH, CLAUDE A. RENSHAW, as City Manager, and C. W. TOMLINSON, as City Clerk, Respondents.

199 So. 582.
Division B
Opinion Filed January 7, 1941

*Edward E. Fleming,* for Petitioner;

*J. Harvey Robillard* and *Albert B. Bernstein,* for Respondents.

CHAPMAN, J.—A petition for writ of certiorari filed in this Court under the provisions of Supreme Court Rule 34, approved April 30, 1939, and Rule 27 approved January 17, 1939, seeks a review of an interlocutory order dated December 3, 1940, entered by the Circuit Court of Dade County, Florida, denying an application for a restraining order and injunction against the enforcement of Ordinance No. 586 of the City of Miami Beach, which amended Section 9 of Ordinance No. 289 of said city.

The ordinance is, viz.:

### "ORDINANCE No. 586

"An Ordinance of the City Council of the City of Miami Beach, Florida, amending Ordinance No. 289, being the zoning ordinance of said city so as to add to Section 9 thereof item '(24). Auction sales, only upon approval and permit of the City Council of the City of Miami Beach, Florida.'

"Be it ordained by the City Council of the City of Miami Beach, Florida:

"SECTION 1: That Section 9 of Ordinance No. 289, be and the same is hereby amended by adding thereto the following item: '(24) Auction Sales, only upon approval and permit of the City Council of the City of Miami Beach, Florida.'

"SECTION 2: All ordinances and parts of ordinances in conflict herewith are hereby repealed.

"PASSED AND ADOPTED this 13th day of November, A. D. 1940.

"(Signed)   John H. Levi, Mayor.

"ATTEST:

"(Signed)   C. W. Tomlinson   (SEAL)

"City Clerk."

It is contended here that the amendment, *supra,* to the Zoning Ordinance No. 289 of the City of Miami Beach is invalid, unreasonable, arbitrary, unenforceable, unconstitutional and void and that the lower court erred in its order denying the injunction and restraining order as a matter of law against the enforcement thereof on the application of the plaintiff below and petitioner here.

The effect of the amendment, *supra,* placed the business of auctions and auction sales, in which the petitioner here was seeking a permit of the city, in a "BC" classification of the zoning ordinance of said city and thereby placed auctions and auction sales in isolated and highly undesirable sections of the City of Miami Beach. Located in the "BC" business district of said city are: (a) a dog track; (b) oil and gasoline storage tanks; (c) boat yards; (d) lumber and supply yards; and (e) other business obnoxious or detrimental to auctions and auction sales for which petitioner sought a license or permit.

The lower court had before it an application for a temporary injunction and restraining order, the sworn bill of complaint and the answer of the defendants and testimony in support thereof, and after a hearing on December 3, 1940, by an appropriate order denied the application, and the pertinent provisions of the order are, viz.:

"The court being of the opinion from the allegations of the bill of complaint and the amendment to the bill of complaint, and the answer filed herein by the said defendants,

that the amendment to Ordinance No. 289, being the zoning ordinance of the said City of Miami Beach, which places auction sales in the 'BC' Business District classification, copy of said amendatory ordinance being attached to plaintiff's bill of complaint as Exhibit 'D,' and a copy of the original zoning ordinance being attached to said bill of complaint as Exhibit 'E' is not arbitrary, unreasonable, void or unconstitutional, and it appearing to the said court that said amendment to said zoning ordinance is proper, legal and constitutional, and the court being of the opinion that said application and prayer of the plaintiff for a temporary injunction and restraining order against the enforcement of said amendatory ordinance should be denied and overruled, it is

"ORDERED, ADJUDGED AND DECREED That the same is overruled and the application and prayer of the plaintiff as contained in the original bill of complaint and the amendment thereto, praying for the issuance of a temporary restraining order and injunction against the enforcement of the amendment to ordinance No. 289, being the zoning ordinance of the said City of Miami Beach, be and the same is hereby overruled and denied."

In the early cases of Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198, decided during the year 1855, this Court held that the granting or continuing of an injunction must always rest in the sound discretion of the court to be governed by the nature of the case. This doctrine has been fully recognized and approved continuously since. The rule or doctrine was enunciated in Godwin, Adm'r., v. Phifer, 51 Fla. 441, 41 So. 597, and the cases decided by this Court approving this principle are cited at text pages 458-9. See Savage v. Parker, 53 Fla. 1002, 43 So. 507; Holt v. De Loach-Edwards Co., 56 Fla. 902, 48 So. 1039; Builders' Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Holt v. Hillman-Sutherland Co.,

56 Fla. 801, 47 So. 934; McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; Seaboard Oil Co. v. Donovan, 99 Fla. 1296, 128 So. 821; Thursby v. Stewart, 103 Fla. 990, 138 So. 742; Masser v. London Operating Co., 106 Fla. 474, 145 So. 72. The case of Perry Trading Co. v. City of Tallahassee, 128 Fla. 424, 174 So. 854, is relied upon as an authority for holding invalid and unreasonable as a matter of law the amendment to the ordinance before the court in the case at bar. It is true that this Court there considered an auction sale ordinance and ruled upon its validity. The ordinance in the case at bar places auctions and auction sales in a classification "BC" district, which, as contended by counsel for petitioner is placing the proposed business of the petitioner in an undesirable section or sections of the City of Miami Beach. Whether or not this classification and location of the proposed business of the petitioner are by the terms of the ordinance placed in undesirable section or sections of the city of Miami Beach is unreasonable and arbitrary is not a question of law like we held in Perry Trading Co. v. City of Tallahassee, *supra,* but the reasonableness of the said amendment to the ordinance here challenged is a mixed question of law and fact to be determined by testimony.

The case of *Ex Parte* Wise, 141 Fla. 222, 192 So. 872, was a proceeding in habeas corpus originating in this Court in which the reasonableness of a zoning ordinance of the City of Sarasota was challenged and, after the issues were settled, the case was referred to the Honorable W. T. Harrison, circuit judge, as the commissioner of this Court, with instructions that he take all the testimony offered by the respective parties on the issues presented and to make recommendations to this Court as to an appropriate order from all the testimony before him. The case of City of

Miami Beach v. The Texas Co., 141 Fla. 616, 194 So. 368, was a suit in chancery in which testimony was taken for the purpose of determining whether or not a certain ordinance of said city was reasonable and constitutional in its application.

In the case of Hunter v. Green, 142 Fla. 104, 194 So. 379, the Court had before it the validity of an ordinance regulating the location in the City of Live Oak of embalming establishments and funeral homes for the purpose of caring for and keeping dead bodies, and for holding funerals. It was held that the charter powers of the City of Live Oak authorized the adoption by the city of such an ordinance. The Court, in part, said:

"The ordinance here involved regulates and prescribed the location within the City of Live Oak of funeral homes, embalming establishments and mortuaries and this ordinance was enacted under the police power conferred by its charter and the general law applicable to municipalities in Florida. We fail to find in this record any testimony showing or tending to establish that the ordinance here called into question is arbitrary, unreasonable, unconstitutional, void or invalid, and we are required from the record here to determine the validity of the ordinance as a question of law. We hold that the ordinance is a regulatory measure and is clearly within the police power of the city to enact. In the absence of testimony as to the reasonableness or unreasonableness of the ordinance and the application thereof to the property of Mr. Green located within the area defined in the ordinance, we express no opinion, but this question can or may be decided when properly presented."

We fail to find error in the record. The petition for a writ of certiorari is hereby denied.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.

Justices BUFORD, THOMAS and ADAMS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.