CITY OF MIAMI BEACH, et al., v. A. JOSEPH DAOUD

6 So. (2nd) 847                                                    En Banc
February 13, 1942                        Rehearing Denied March 13, 1942

J. Harvey Robillard and Albert B. Bernstein, for appellants.

Edward E. Fleming, for appellee.

BUFORD, J.:

The appeal brings for review, order enjoining the municipal authorities of Miami Beach from enforcing the provisions of Ordinance No. 586 insofar as it attempts to limit the areas in said municipality where auction sales may be conducted. This is the second appearance of the case here. See Daoud v. City of Miami Beach 145 Fla. 449, 199 Sou. 582. In that case we said:

"The ordinance in the case at bar places auctions and auction sales in a classification 'BC' district, which, as contended by counsel for petitioner is placing the proposed business of the petitioner in an undesirable section or sections of the City of Miami Beach. Whether or not this classification and location of the proposed business of the petitioner are by the terms of the ordinance placed in undesirable section or sections of the City of Miami Beach is unreasonable and arbitrary is not a question of law like we held in Perry Trading Co. v. City of Tallahassee, supra, but the reasonableness of the said amendment to the ordinance here challenged is a mixed question of law and fact to be determined by testimony.

"The case of Ex Parte Wise, 141 Fla. 222, 192 Sou. 872, was a proceeding in habeas corpus originating in this Court in which the reasonableness of a zoning ordinance of the City of Sarasota was challenged and, after the issues were settled, the case was referred to the Honorable W. T. Harrison, Circuit Judge, as the commissioner of this Court, with instructions that he take all the testimony offered by the respective parties on the issues presented and to make recommendations to this Court as to an appropriate order from all the testimony before him. The case of City of Miami Beach v. The Texas Co., 141 Fla. 616, 194 So. 368, was a suit in chancery in which testimony was taken for the purpose of determining whether or not a certain ordinance of said city was reasonable and constitutional in its application."

We denied certiorari and, on the going down of the mandate, further pleadings were filed and testimony was taken for the purpose of determining the issues

in accordance with the views expressed in our opinion, supra.

It appears that the law of the case was settled by our former opinion and, therefore, it is not necessary for us now to further discuss the law of the case and cite authorities in connection therewith.

On final hearing, the chancellor entered his order, from which this appeal is taken, and therewith filed an opinion in which he held that the ordinance, supra, insofar as it attempted to limit the areas in which auction sales might be conducted was unreasonable and arbitrary and, therefore, void and thereupon enjoined the enforcement of the ordinance in that regard.

In this connection the challenged order reads:

"The Court further finds that this cause was instituted in this Court on October 18, 1940, and that while the cause was pending before the Court, the City Council of the City of Miami Beach, Florida, on November 13, 1940, adopted Ordinance No. 586, two readings having been had on October 16, 1940, which is an ordinance that amends the original zoning Ordinance No. 289 of the City of Miami Beach. This amendatory Ordinance No. 586 to the zoning ordinance, added or attempted to add to Section 9, Item 24 of Ordinance No. 289, 'Auction Sales, only upon approval and permit of the City Council of the City of Miami Beach, Florida.' In the amendatory Ordinance No. 586, auction sales were given or extended a 'BC' or business district classification, and placed in the 'BC' or less rigidly classified business districts under the provisions of the zoning Ordinance, No. 289. In the 'BC' business district some of the following other uses are permitted:

"Garages for mechanical service
"Automobile Storage
"Tinsmiths, roofers or plasterers
"Hand Laundries
"Dry Cleaning and dyeing establishments
"Painting and decorating shops
"Cabinet making carpentry
"Cigar and Cigarette making
"Leather goods manufacture
"Metal working shops
"Bottling beverages
"Bakeries
"Contractors plant and storage yards
"Service stations
"Pawn shops.

"Under the Amendatory Ordinance No. 289 auction sales could also be conducted in the less rigidly classified business districts which include the following uses:

"Boat or yacht storage and repair
"Building material storage yards
"Cast or art stone manufacture
"Concrete block manufacture
"Novelty works
"Marine warehouse
"Machine shops
"Boat slips
"Ship chandlery
"Blacksmith, gas, steam fitting shops
"Oil or gas storage tanks
"Live poultry markets
"Shipyards and dry docks.

"Under the provisions of Ordinance No. 586, the evidence shows that the City of Miami Beach, Florida, has restricted or attempted to restrict auction sales to the following limited areas of the City of Miami Beach, Florida to-wit:

"(1) Between 72nd Street and 73rd Street between the Atlantic Ocean and Indian Creek;

"(2) North side of 20th Street west of Alton Road and west side of Purdy Avenue, from Dade Boulevard to 20th Street;

"(3) Either side of Ocean Drive between 1st Street and Biscayne Street, and the north side of Biscayne Street from Collins Avenue to the Ocean;

"(4) The property south of Biscayne Street, except for a strip having an approximate width of 132 feet extending from Collins Avenue to Biscayne Bay;

"(5) The westerly side of Alton Road from 5th Street to Biscayne Street;

"(6) Portions of Fisher's Island;

"(7) Terminal Island on the County Causeway.

"The evidence shows and the Court finds that a substantial portion of the above described areas is not available for the conduct of auction sales, and was not available at the time Ordinance No. 586 was adopted. The area between 72nd Street and 73rd Street between the Atlantic Ocean and Indian Creek, is not available because it is owned by the United States Government, and is about to be obtained by the City of Miami Beach in exchange for certain municipal property. The east side of Ocean Drive between 1st Street and Biscayne Street is not available because it is owned by the City of Miami Beach, and

is about to be converted into a public park. The property on the south end of the Island of Miami Beach, south of Biscayne Street, is largely owned and occupied by the United States Government. Portions of Fisher's Island are not available because they are inacessible. It is across the Government channel from Miami Beach and can only be reached by boat and cannot be reached by vehicular traffic, and there is no business of any kind or character except storage tanks on Fisher's Island.

The evidence shows, and the Court finds, that the other areas described above to which the business of auction sales has been restricted, are largely, if not wholly industrial or semi-industrial. The photographs filed in evidence show and indicate the nature and character of this property.

"The evidence shows and the Court finds that the effect of the enforcement of Ordinance No. 586, being the amendment to the zoning ordinance, would confine and restrict the business of auction sales to isolated parts and sections of the City of Miami Beach which are undesirable and which are somewhat removed from the retail or shopping areas of the City of Miami Beach. A great portion of the property or area to which the business of auction sales has been restricted is filled with and surrounded by industrial and semi-industrial businesses. The nature, character and locations of all these areas and the businesses located therein are shown by the evidence and the exhibits.

"The Court is of the opinion that Ordinance No. 586, adopted by the City Council of the City of Miami Beach on November 13, 1490, is not a reasonable and lawful regulation of the business of auction sales. On the contrary, the evidence shows that the en-

forcement of this Ordinance No. 586 would in effect suppress and prohibit the conduct of auction sales in the City of Miami Beach. To segregate a legitimate business to undesirable sections and areas of a municipality is, in effect, to suppress and prohibit the business and destroy any possible motive for the conduct of such business, which would be to earn a livelihood or to earn a reasonable profit.

"The Court further finds that the allegations of the plaintiff's bill of complaint with respect to Ordinance No. 586 has been sustained by competent proof, and that said Ordinance No. 586 should be declared and decreed to be arbitrary, unreasonable, unconstitutional, unenforceable and void."

After hearing able argument by counsel for the respective parties, and duly considering the record presented here, we find that the record amply supports the findings and decree of the chancellor. No reversible error appearing, upon consideration of the entire record, the decree should be affirmed.

It is so ordered.

Affirmed.

BROWN, C. J., TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.

ON REHEARING

PER CURIAM:

This case is before us on petitions of both appellants and appellee for rehearing and also on motion of appellee for clarification or supplemental opinion. In support of the latter motion appellee shows that on February 18, 1942, after our opinion and judgment of February 13th was entered, the City of Miami Beach, through its legislative officers, enacted an amend-

ment to the zoning ordinance which permitted the business of auctions and auction sales upon approval and permit of the City Council of Miami Beach in any portion of "BB" business district which lies south of the northerly line of 8th Street, in the City of Miami Beach, and petitioner contends that because of the fact that prior to the enactment of any zoning ordinance prohibiting the operation of the business of appellee on 23rd Street petitioner, appellee, had expended large sums of money in the renting of a store building on 23rd Street for the particular purpose of conducting therein auction sales and had expended large sums of money in the physical preparation of such store building to be used for that purpose and was prevented from so using buildings for such purpose from the time he rented the same in October, 1940, until the present time by unlawful and invalid ordinances enacted by the municipality.

The petitioner contends that appellee, petitioner, is entitled to the benefits of Section 14 of the original zoning ordinance of the City of Miami Beach amended as of February 1st 1939, which is as follows:

"Section 14. Non-conforming Uses.

"The lawful use of land existing at the time of the passage of this ordinance or an amendment thereto, although such use does not conform to the provisions hereof, may be continued; but if such nonconforming use is discontinued, any further use of said land shall be in conformity with the provisions of this ordinance.

"The lawful use of the building existing at the time of the passage of this ordinance or of an amendment thereto may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building, provided no

structural alterations, except those required by law or ordinance, or ordered by an authorized officer to assure the safety of the building are made therein. If no structural alterations are made, a nonconforming use of the building may be changed to another nonconforming use of a higher restricted classification.

"The foregoing provisions shall also apply to nonconforming uses in districts hereafter changed.

"Nothing in the ordinance shall be taken to prevent the restoration of a building destroyed to the extent of not more than fifty (50) percent of its reasonable value by fire, explosion or other casualty, or act of God, or the public enemy, nor the continued occupancy or use of such building after restoration.

"Whenever a non-conforming use of a building has been discontinued for a period of one (1) year or more, such nonconforming use shall not thereafter be reestablished and the future use shall be in conformity with the provisions of this ordinance.", and that the appellee, petitioner, is entitled to have our opinion and judgment, supra, supplemented by an additional judgment enjoining the City of Miami Beach and its officers from interfering by the enactment of zoning ordinance or prohibitive license ordinance with the appellee, petitioner, in the conducting of auction sales at the places which he has rented and prepared for that purpose on 23rd Street. See Shreveport v. Dickason, 160 La. 563, 107 So. 427. Annotations 54 A.L.R. 1063, 86 A.L.R. 685.

If petitioner is entitled to the relief prayed, it is because of things which have transpired since the rendition of our opinion and judgment supra.

Neither the allegations nor the proof in the record presently before us present such questions for adjudi-

cation as are presented by the petition. Therefore, we express no opinion as to the merits of the contentions made in this petition. The same is denied without prejudice to appellee, petitioner, pursuing such action in the lower court as may be advised. Petitions for rehearing denied.

So ordered.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.