49 So.2d 596 (1950)
DE CARLO
v.
TOWN OF WEST MIAMI.
Supreme Court of Florida, en Banc.
December 12, 1950.
Rehearing Denied January 16, 1951.
Yonge, Whiteside & Prunty and H. Earl Barber, all of Miami, for appellant.
Walton, Hubbard, Schroeder, Lantaff & Atkins, Miami, and Arthur W. Primm, Coral Gables, for appellee.
ROBERTS, Justice.
The plaintiff, appellant here, applied for a building permit to construct an apartment-storage building on her property, located in the Town of West Miami, appellee here, which was refused by the Town Clerk for the reason that the plaintiff's property was located in a portion of the town classified as residential under the town's zoning ordinance. By the terms of this ordinance, "any person aggrieved or affected by any decision of an administrative officer given under the provisions of this ordinance" could appeal to the Town Council. The plaintiff could also, under the provisions of the ordinance, have applied to the Town Council for a variation or exception to the zoning restrictions. The ordinance provided for an appeal to the courts of any decision of the Town Council. The record does not show that the Town Council was given an opportunity to pass on the merits of plaintiff's claim, nor did plaintiff allege in her bill any reason for her failure to seek relief from the Town Council. The plaintiff's bill to enjoin the Town of West Miami from enforcing the zoning ordinance as to her particular property was dismissed by the lower court, and plaintiff appeals.
The principal issue to be decided on this appeal is as follows: May a party seek injunctive relief in a court of equity, on the ground that a zoning ordinance is invalid with respect to such person's property, without first having exhausted the administrative remedies available under such ordinance?
This question has been decided negatively here. See City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307.
The administrative boards usually provided for the consideration and review of zoning problems are made up of local people, having the advantage of full local information as to the reasons behind the various zoning regulations. Their findings, while not conclusive, are indeed helpful in the ultimate determination of the rights of *597 the parties. Moreover, the inequalities of a zoning ordinance, if called to the attention of such local administrative boards, may frequently be adjusted at that level. Such boards should, at least, be given an opportunity to afford relief, or state their reasons for not doing so.
Having failed to exhaust her administrative remedies, the plaintiff's suit was prematurely filed, and there was no error in dismissing it.
For the reasons stated, the final decree appealed from should be and it is hereby
Affirmed.
ADAMS, C.J., and HOBSON and SEBRING, JJ., concur.
TERRELL and CHAPMAN, JJ., dissent.
THOMAS, J., not participating.
CHAPMAN, Justice (dissenting).
The plaintiff-appellant, Frances DeCarlo, filed her amended bill of complaint in the Circuit Court of Dade County, Florida, praying for an order restraining the Town of West Miami, a municipal corporation, from the enforcement of its zoning ordinance adopted November 15, 1948, in so far as the provisions of the said ordinance applied to the property of the appellant, and limited and restricted its use.
It is alleged that the provisions of the ordinance limit and restrict the use of the property described in the amended bill of complaint to a given use and the legal effect of the enforcement of the ordinance against appellant's property is to deny to her the enjoyment of her property vouchsafed or guaranteed by our Federal and State Constitutions.
A copy of the ordinance is attached to the amended bill of complaint. The Chancellor below sustained a motion to dismiss the amended bill of complaint on the grounds: (1) that the amended bill of complaint was without equity; (2) the amended bill of complaint was fatally defective in that it failed to allege that the appellant had exhausted the administrative remedies available to her under the provisions of the ordinance attacked on this appeal. The plaintiff-appellant appealed.
Ownership and enjoyment of property is guaranteed by both our Federal and State Constitutions. If a doubt exists as to the power attempted to be exercised by the municipality, then it is the duty of the courts to resolve that power against the municipality. Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642; Hunter v. Green, 142 Fla. 104, 194 So. 379; Blitch v. City of Ocala, 142 Fla. 612, 195 So. 406; Liggett Co. v. Amos, 104 Fla. 609, 141 So. 153; Anderson v. Shackelford, 74 Fla. 36, 76 So. 343, L.R.A. 1918A, 139, and similar cases.
It is usually a mixed question of law and fact whether the enforcement of a zoning ordinance deprives an owner of the use and enjoyment of his property. Allegations of well pleaded facts on hearing by the Chancellor of motion to dismiss are for said purposes admitted to be true. These allegations so admitted are to the effect that the enforcement of the ordinance as to the use of appellant's property deprives her of its constitutional use.
It is next contended that the bill of complaint should allege that the appellant had exhausted the administrative remedy available to her under the provisions of the ordinance. The authorities cited in appellee's brief on this ground of the motion are from other jurisdictions. Section 8 of Article 8 of the Constitution of Florida, F.S.A., grants power to the Legislature to establish and abolish municipalities; provide for their government, and prescribe their jurisdiction and power. We know of no authority which may be construed as granting the power to a municipality to adjudicate the constitutionality of its own ordinances. This power is conferred upon the judiciary. See Sections 5 and 11 of Article 5 of the Constitution of Florida and Section 4 of the Declaration of Rights to the Constitution of Florida.
It cannot be said that the amended bill of complaint is wholly without equity.
TERRELL, J., concurs.