52 So.2d 906 (1951)
CITY OF MIAMI BEACH et al.
v.
PERELL.
Supreme Court of Florida, en Banc.
June 8, 1951.
Ben Shepard, Miami, for appellants.
Ben Cohen, Miami Beach, for appellee.
*907 ROBERTS, Justice.
The appellee, who was the plaintiff below, is the lessee of certain premises located (in the City of Miami Beach) in that part of the City of Miami Beach which is zoned as a BA Business District, under the provisions of Zoning Ordinance No. 289, and by virtue of which ordinance the operating and conducting of auction sales is prohibited except in a certain portion of BB Business District and in BC Business District, and then only upon the approval and permission of the City Council. The appellee, desiring to use his leased premises for the purpose of operating and conducting auction sales of jewelry, paintings, tapestry, etc., brought suit in the court below for a declaratory decree and to enjoin the City from enforcing against him the above-mentioned provisions of Zoning Ordinance No. 289, on the ground that such provisions are unreasonable and arbitrary and tend to segregate a legitimate business to undesirable sections in the City of Miami Beach. The City in its Answer, denied that the ordinance was unreasonable and arbitrary, and testimony was taken before the court upon that issue.
The Chancellor entered a final decree in which he held that Ordinance No. 289, insofar as it regulated auction sales, was arbitrary, unreasonable and void, and enjoined the City from enforcing such zoning ordinance against the plaintiff, from which final decree the City has appealed.
As heretofore noted, the Chancellor heard the testimony and, in his final decree, made specific findings of fact that (1) the areas to which the business of auction sales was restricted by the ordinance are not adaptable for that type of business; (2) that the conducting of an auction sale was not more obnoxious than many of the businesses permitted in the BA Business District, in which district the plaintiff's leased premises are located; (3) that, since the opinion of this court in City of Miami Beach et al. v. Daoud, 149 Fla. 514, 6 So.2d 847, (in which the zoning ordinance then applicable to auction sales was held to be arbitrary, unreasonable and void, in that it restricted auction sales to undesirable sections of the municipality and amounted to a suppression and destruction of the business of auction sales), the City has added two other areas in which auction sales are permitted, but that one of such areas is wholly unsuited for such business and that the other area has been entirely pre-empted by the City of Miami Beach; and (4) that the enforcement of such ordinance as to auction sales would, in effect, suppress and prohibit the conduct of auction sales in the City of Miami Beach.
The above-mentioned findings of fact are amply supported by the evidence; and, under the authority of City of Miami Beach et al., v. Daoud, supra, there was no error in holding that the zoning ordinance, insofar as it regulated the business of auction sales, was unreasonable, arbitrary and void.
The appellant also contends that the final decree should be reversed for the reason that the appellee did not exhaust his administrative remedies before filing the instant suit, and cites De Carlo v. Town of West Miami, Fla., 49 So.2d 596, in support of its contention. While this question is not properly before this court, no objection having been raised during the proceedings below, we wish to point out that, in the De Carlo case, the plaintiff contended that a zoning ordinance, insofar as it affected and operated against her own particular property, was unreasonable and arbitrary; and we held that, in order to afford the administrative authorities an opportunity to adjust, at the local level, inequalities resulting from the enforcement of a zoning ordinance, the plaintiff should have exhausted her administrative remedies before seeking relief in the courts. In the instant case, however, the plaintiff did not limit his attack on the ordinance to its effect on his own particular property; he made a general attack on the validity of the ordinance, in reliance on our decision in City of Miami Beach v. Daoud, supra and his position was sustained  and the pertinent provisions of the ordinance held unreasonable, arbitrary and void  by the lower court. The facts of the instant case do not, therefore, fall within the rule enunciated in the De Carlo case.
No error having been made to appear, the final decree should be and it is hereby
*908 Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, and ADAMS, JJ., and LUCKIE, Associate Justice, concur.