101 So.2d 176 (1958)
Joseph H. HENNESSY and Frances A. Hennessy, his wife, and Andrew J. Hoffman, and ____ Berry, whose Christian name is unknown, Appellants,
v.
The CITY OF FORT LAUDERDALE, Florida, a municipal corporation of the State of Florida, Atlantic Construction and Engineering, Inc., a Florida corporation, Robert C. Peppler and Theresa Peppler, his wife, Marretta Wardrop, a widow, and Harry S. Kemp and Carrie A. Kemp, his wife, Appellees.
No. 154.
District Court of Appeal of Florida. Second District.
March 14, 1958.
Saunders, Curtis, Ginestra & Gore, George H. Gore, Ft. Lauderdale, for appellants.
Tolar & Bethel, John N. Tolar, Frank C. Adler, Ft. Lauderdale, for appellees.
ALLEN, Judge.
This is an appeal from a Final Decree, dated July 18, 1956, entered on the pleadings in an action in chancery by Robert *177 C. Peppler and wife, Theresa Peppler, Marretta Wardrop, a widow, and Harry S. Kemp and wife, Carrie E. Kemp against The City of Fort Lauderdale, Joseph H. Hennessy and wife, Frances A. Hennessy, Andrew J. Hoffman, the Atlantic Construction and Engineering, Inc., and ____ Berry, whose Christian name was unknown, for certain injunctive relief. The decree appealed from permanently restrained construction of a funeral home within areas zoned B-1 or higher by the defendant city zoning ordinance. The decree also precluded construction of a funeral home upon land owned by certain of the defendants. The Hennessys, Hoffman and ____ Berry appeal, the parties being referred to herein as follows:
Appellants: "defendant owners".
Appellees: City of Fort Lauderdale as "defendant city". Atlantic Construction & Engineering, Inc. as "defendant contractor". The Pepplers, Wardrop and the Kemps as "plaintiffs".
Defendant city and defendant contractor were apparently joined as appellees for failing to join in the appeal.
The plaintiffs filed a complaint to prohibit the defendant owners and defendant contractor from building a mortuary on defendant owners' land, on the grounds that such use was not specifically permitted, and therefore, was prohibited by the zoning ordinance of defendant city.
A Final Decree on the pleadings held that the use of the lands described in the complaint for construction of a mortuary was not within the intendment of the applicable zoning ordinances; that the building permit for that purpose issued by the defendant city was unlawful, void and of no effect; that defendant owners and defendant contractor were permanently enjoined from constructing on the lots owned by defendant owners, any structure for use as a mortuary; and that the City of Ft. Lauderdale was permanently enjoined, under its existing ordinances, from issuing building permits which authorized the use, for the purpose of erecting a mortuary, on any lands zoned B-1 or higher.
A supplemental order was entered nunc pro tunc as follows:
"It appears that counsel for the Defendants, Joseph H. Hennessy, Andrew J. Hoffman and ____ Berry, during the course of his argument upon Plaintiff's Motion for Final Decree on the Pleadings, orally moved the Court for leave to amend said Defendants' answer instanter, so as to charge that Plaintiffs had failed to exhaust their administrative remedies. The Court, believing that said motion was made tardily and that granting same would serve no substantial purpose but would merely operate to delay a decision on the merits to the detriment of the parties, denied said motion but neglected to include such ruling in its Final Decree on the Pleadings entered on July 18, 1956. Now, therefore, the Court does enter this order supplementing said Final Decree on the Pleadings, as follows:
"It is further Ordered, Adjudged and Decreed that the oral motion of the Defendants, Joseph H. Hennessy, Andrew J. Hoffman and ____ Berry, made at the hearing upon Plaintiffs' motion for final decree, for leave to amend their answer instanter so as to charge that Plaintiffs had failed to exhaust their administrative remedies, be and the same is hereby denied."
It appears to this Court that the Chancellor's denial of the defendants' motion to amend their answer, so as to charge that the plaintiffs had failed to exhaust their administrative remedies, was based on the opinion that it was not necessary for the plaintiffs, in the instant case, to have exhausted their administrative remedies in order to invoke the aid of a chancery court *178 to prevent the building of a mortuary in question. We are of the opinion that the Chancellor should be reversed for denying the defendants below leave to amend their answer to raise this issue.
The zoning ordinance, Article XI, "Board of Adjustment", Section 47-121, "Powers of the Board", provides as follows:
"The board of adjustment shall have the following powers, and only the following powers, to-wit:
"(a) To grant temporary permits for non-conforming use of buildings or lands in the city, but such temporary permits shall expire on September 30 after their issuance, and no renewal or additional non-conforming permit shall be granted.
"(b) To modify or reverse the ruling or decision made by an administrative official in the enforcement of the zoning regulations of the city, where it is alleged there is error in any order, requirement, decision or determination made by such administrative official in the enforcement of the zoning regulations of the city.
"(c) To authorize variance and special exceptions to the terms of zoning ordinances in specific cases where such variance will not be contrary to the public interests, and where, owing to special conditions, a literal enforcement of the provisions of the zoning ordinances will result in unnecessary hardship to to the appellant.
"(d) To perform such other duties as the city commission may from time to time by ordinance delegate to such board."
Therefore, it was within the power of the board of adjustment, under the above quoted section of the ordinance, to determine that a mortuary did not come within the purview of lands zoned B-1 or higher.
1 Florida Jurisprudence, "Administrative Law", § 175, "Exhaustion of Administrative Remedies", pg. 401, provides as follows:
"The doctrine of exhaustion of administrative remedies, which is related to the doctrine of primary jurisdiction, requires that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. Thus, where administrative remedies were available, it has been held that resort to the courts for certiorari or injunction was premature. The Supreme Court has also held that no appeal to a court would lie, under a statute providing therefor, where the appellant had a right to take an administrative appeal, which he did not do within the time provided and this decision has been said to rest on the doctrine of exhaustion of administrative remedies."
In the case of DeCarlo v. Town of West Miami, Fla. 1950, 49 So.2d 596, the Supreme Court said:
"The administrative boards usually provided for the consideration in review of zoning problems are made up of local people, having the advantage of full local information as to the reasons behind the various zoning regulations. Their findings, while not conclusive, are indeed helpful in the ultimate determination of the rights of the parties. Moreover, the inequalities of a zoning ordinance, if called to the attention of such local administrative boards, may frequently be adjusted at that level. Such boards should, at least, be given an opportunity to afford relief, or state their reasons for not doing so."
In the case of Town of Surfside v. Normandy Beach Development Co., Fla. 1952, 57 So.2d 844, another zoning suit, the court held that the contention that the plaintiff below was not in a position to maintain the case because he failed to exhaust his administrative remedies, as was held in the *179 case of DeCarlo v. Town of West Miami, supra, could not be raised in the Supreme Court for the first time, since it was not raised before the Chancellor.
In the case of City of Miami Beach v. Perell, Fla. 1951, 52 So.2d 906, 907, the Court, in an opinion by Mr. Justice Roberts, said:
"(3, 4) The appellant also contends that the final decree should be reversed for the reason that the appellee did not exhaust his administrative remedies before filing the instant suit, and cites DeCarlo v. Town of West Miami, Fla., 49 So.2d 596, in support of its contention. While this question is not properly before this court, no objection having been raised during the proceedings below, we wish to point out that, in the DeCarlo case, the plaintiff contended that a zoning ordinance, insofar as it affected and operated against her own particular property, was unreasonable and arbitrary; and we held that, in order to afford the administrative authorities an opportunity to adjust, at the local level, inequalities resulting from the enforcement of a zoning ordinance, the plaintiff should have exhausted her administrative remedies before seeking relief in the courts. In the instant case, however, the plaintiff did not limit his attack on the ordinance to its effect on his own particular property; he made a general attack on the validity of the ordinance, in reliance on our decision in City of Miami Beach v. Daoud, supra [149 Fla. 514, 6 So.2d 847] and his position was sustained  and the pertinent provisions of the ordinance held unreasonable, arbitrary and void  by the lower court. The facts of the instant case do not, therefore, fall within the rule enunciated in the DeCarlo case.
"No error having been made to appear, the final decree should be and it is hereby
"Affirmed."
It will be observed that in the case of City of Miami Beach v. Perell, supra, the Court said, in effect, that where there was a general attack on the validity of an ordinance, it was not necessary to pursue the administrative review or appeal in order to seek an injunction in the chancery court. In the case we now have for review, the plaintiffs were not attacking the validity of the ordinance, but were challenging the action of the defendant city's Building Inspector in his interpretation of the involved ordinance.
Metzenbaum, in his Law of Zoning, 1955 Edition, Vol. 1, Chapter IX-e, "Exhaustion of Available Administrative Remedies Required, Before Entering Court", analyzes the quoted subject in detail. The author, at the beginning of the Chapter, states:
"The usual requirement that a complainant must exhaust his available Administrative Remedies, before the courts will entertain such complainant's action, is divided  at the very outset  into two, dissimilar situations, to wit:
"(a) When a court-proceeding alleges that the zoning ordinance or regulation is unconstitutional in its Entirety, and that the very existence of `the ordinance and maintenance thereof, in effect, constitutes a present invasion of the complainant's property rights and a threat to continue it', and  on the other hand:
"(b) When the court action is aimed merely `against any specific provision or provisions' of a zoning ordinance, as they apply to complainant's particular property.
"In the former (a) instance  when a zoning ordinance is thus attacked in its entirety, it is not necessary to have employed the available administrative remedies, such as applying for a permit or going before the board of appeals, before entering court, or applying to the Legislative body.

*180 "But, when a zoning ordinance, in the latter (b) situation is attacked as to unconstitutionality or unreasonableness of a `specific provision' (or provisions) as it affects complainant's particular property, such complainant is required to employ the available administrative remedies, before the courts will entertain such action.
"To be sure, there are exceptions (as hereinafter noted) to these two rules, just as exceptions always present themselves, but these two co-existent rules appear to be recognized in quite nation wide manner, as evidenced later herein.
"In the pathfinding case of Village of Euclid v. Ambler Realty Company, 71 Law Edition at the left column of page 385; 272 U.S. 365 at page 386; 47 S.Ct. 114 at pages 117 and 118 (1926), Mr. Justice Sutherland laid down certain, definite prerequisites which must obtain before a plaintiff may hurdle all administrative reliefs and come  straightway  into court.
"It is but necessary to emphasize the words so carefully selected by that Washington tribunal, in that opinion.
"Once understood, it will be seen that a plaintiff  who is not seeking to `attack an ordinance in its entirety' (as that plaintiff Ambler was doing), but is merely attacking `specific provisions' as being unreasonable, must generally find himself thwarted in such a proceeding, unless such plaintiff has exhausted the available administrative or legislative remedies." (Emphases by author).
This case is reversed with directions that the court below permit the defendants to amend their answer to raise the question of whether or not the plaintiffs below failed to exhaust their administrative remedies before filing their complaint.
Finally, it appears from the pleadings below and from the arguments of counsel before this Court, that this case may involve the question of whether or not the use of defendant owners' property for a mortuary would constitute a private nuisance. We are, therefore, compelled to point out that our reversal of the final decree and supplemental order appealed from is without prejudice to the plaintiffs' right to a determination of that issue.
Reversed.
KANNER, C.J., and SMITH, CULVER, Associate Judge, concur.