### FLAGLER MEMORIAL PARK, Inc. v. CITY OF MIAMI, et al.
#### No. 60 C 4994.

Circuit Court, Dade County.
September 6, 1961.

Forrest & Emanuel, Miami, for plaintiff.

Edward R. Fitzpatrick, Acting City Attorney, Jack R. Rice, Jr., Ass't. City Attorney, for defendant.

ROBERT H. ANDERSON, Circuit Judge.

The plaintiff filed a bill to enjoin the city of Miami from enforcing assessment for sidewalks constructed by the city adjacent to the plaintiff's property.

The city interposed two defenses. (1) That the plaintiff had not exhausted its administrative remedies. (2) That the property was subject to special assessments for sidewalk improvements.

Exhaustive hearings were had and the case was ably argued by counsel for the respective parties, who filed briefs.

The case is a close one and gave the court considerable trouble. After thorough consideration, the defendant's contention will be sustained and the bill dismissed. A brief summary of the court's reasons, however, seems in order.

While the court does not feel bound by the decisions of other circuit judges, nevertheless, it would seem that the orderly administration of justice would require them to be harmonious if possible.

Attention has been called to the decision of Circuit Judge Kehoe in a like case, Woodlawn Park Cemetery Company v. City of Miami, decided May 11, 1961. In that case Judge Kehoe held that the failure of the cemetery company to exhaust its administrative remedies precluded the granting of injunctive relief against the city. This court feels likewise. See DeCarlo v. Town of West Miami (Fla. Sup. Ct. 1950), 49 So. 2d 596.

If, however, the court is in error on the first question, it is satisfied that the plaintiff has not sustained its claim that the property is exempt from assessment for special improvements. The Florida

constitution provides in article IX, section 1 — "The Legislature shall provide for a uniform and equal rate of taxation * * * excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes."

The plaintiff's property does not appear to fall within any of these categories. The constitution further provides in article XVI, section 16 — "The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

The plaintiff's property does not seem to be held for any of the named purposes.

If that is correct, then the section under which the plaintiff claims to be relieved of the assessment is invalid. That section, §192.06, Florida Statutes 1959, provides — *"Property exempt from taxation.* — The following property shall be exempt from taxation: * * * (4) All houses of public worship and lots on which they are situated and all pews or steps and furniture therein, every parsonage and all burying grounds not owned or held by individuals or corporations for speculative purposes, tombs and right of burial."

If this section be construed to exempt from taxation the property of a corporation organized for profit, even though used for burial purposes, it would seem to be plainly in violation of the above quoted constitutional provisions.

Therefore, upon consideration of the case, it is ordered that the complaint is dismissed at the cost of the plaintiff.