508 So.2d 1264 (1987)
Mario Mack SANCHEZ, and Jose Sanchez, Appellants,
v.
Abner SOLOMON, As Curator of the Estate of Mario Sanchez, Deceased, Zary Maria Sanchez De Davila, Malciano Ramon Sanchez Franco, Luris Sanchez Gago, Mario Jose Sanchez Castillo, Zaida De Jesus Sanchez De Gonzalez, Irama Maria Sanchez Graffe De Arredondo, Omaida Maria Sanchez Gago, Osiris De Jesus Sanchez De Hernandez, Maria Concepcion Sanchez Cedeno, Mario Rafael Sanchez Blanco, Rogelia Maria Sanchez Vargas, and Olga Maria Sanchez Gonzalez, Appellees.
No. 86-3063.
District Court of Appeal of Florida, Third District.
May 26, 1987.
Rehearing Denied July 15, 1987.
Steel, Hector & Davis and W. Peter Burns, Miami, for appellants.
Cesar R. Camacho, Horton, Perse & Ginsberg and Mallory H. Horton, Curry & Shamas, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The decedent, Mario Sanchez, was a domiciliary of Venezuela. During his lifetime, he opened accounts at Chase Bank International in Dade County, Florida, where he deposited in excess of two million dollars. At the time of his death, the accounts were held in the decedent's name in trust for his two sons, appellants. After his death, twelve other people claiming to be his children filed a petition for administration in the Dade County Circuit Court.
On July 25, 1984 the circuit court appointed the nominee of the twelve children, Abner Solomon (appellee), as curator. The parties' positions before the trial court are as follows. Appellants contend that the law of Florida, the place of deposit, governs disposition of survivorship bank accounts. Hence, appellants reason that decedent's intent was to create an instrument which would automatically transfer his Florida bank accounts to them upon his death. Appellee Solomon argues (on behalf of the twelve children) that the law of Venezuela controls. Under that law, the accounts would be distributed equally among decedent's fourteen children.
The trial court has yet to resolve the underlying dispute. Therefore, on the day appellee was appointed curator the court also entered an initial order granting appellee's motion to enjoin the bank from disbursing any funds from the accounts at issue. Shortly thereafter that order was slightly modified, however, the court maintained the status quo with respect to the initial injunction. On August 6, 1984, following *1265 a hearing, the court entered a third order which, inter alia, again maintained the freezing of the time deposit accounts. The court subsequently denied appellants' motion to quash the injunction and declare beneficiaries. In that order, dated September 12, 1984, the court specifically found:
[t]hat the Curator has shown and presented a prima-facie case sufficient to command the exercise of sound judicial discretion in ordering the protection of the funds in question, preventing its removal from the jurisdiction of this Court and preserving the status-quo until further order of this Court.
On December 9, 1986 the court conducted a hearing on appellants' motion to dissolve or modify the injunction and/or require a bond.[1] Immediately following the hearing, the court entered an order denying the motion, from which order this appeal ensues.
On appeal, we are asked to decide whether the trial court acted improperly in refusing to dissolve or modify its order freezing the disputed funds pending a final determination as to ownership.
The requirements for establishing the right to preliminary injunctive relief are: (a) the likelihood of irreparable harm, and the unavailability of an adequate remedy at law, (b) the substantial likelihood of success on the merits, (c) that the threatened injury to petitioner outweighs any possible harm to the respondent, and, (d) that the issuance of the injunction will not disserve the public interest. See Graham v. Edwards, 472 So.2d 803, 806 (Fla. 3d DCA 1985), review denied, 482 So.2d 348 (Fla. 1986); Department of Business Regulation v. Provende, Inc., 399 So.2d 1038, 1041 (Fla. 3d DCA 1981); Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980); State, Dep't of Health & Rehab. Serv. v. Artis, 345 So.2d 1109, 1111 (Fla. 4th DCA 1977). The trial court may exercise broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, this court will not disturb the trial court's decision. See Daoud v. City of Miami Beach, 145 Fla. 449, 199 So. 582 (1941); Bailey v. Christo, 453 So.2d 1134 (Fla. 1st DCA 1984), review denied, 461 So.2d 113 (Fla. 1985); Sattellite Industries, Inc. v. Stutz, 437 So.2d 222 (Fla. 4th DCA 1983).
Having thoroughly reviewed the record of the instant case, we conclude that the prerequisites for granting and continuing the injunction at issue have been met. Therefore, the trial court properly denied appellants' motion to dissolve or modify the injunction.
We have carefully considered the additional points raised in this appeal and find them to be without merit. Accordingly, we affirm the order under review in all respects.
Affirmed.
NOTES
[1] The modification sought was for the court to allow each of the appellants to immediately receive his undisputed one-fourteenth share of the funds in question.