SEABOARD AIR LINE RAILWAY, *Plaintiff in Error,* v. J. R. ROBINSON, *Defendant in Error.*

Opinion Filed November 25, 1914.

1. A statute may be valid as applied to one state of facts, though under another state of facts an application of the statute may violate rights secured by the organic law.

2. The statute authorizing a recovery of double damages and attorney fees for failure of a railroad company to pay for live stock killed by a train of the railroad company, within sixty days after presentation of the claim for such stock killed, is

not invalid in its application where a verdict is rendered for the amount agreed to have been demanded and to be the value of the live stock killed.

Writ of error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*L. N. Green,* for Plaintiff in Error;

*W. K. Zewadski,* for Defendant in Error.

WHITFIELD, J.—This writ of error was taken to a judgment awarding double damages and attorney fees for failure of the railroad company to pay within sixty days after presentation a claim for a mule killed by the railroad company at a point where under the statute the company should have had, but did not have, its track fenced. The declaration alleges the value of the mule killed to be $125.00, and also alleges that "the plaintiff gave notice in writing of the time, place and value of the said mule" to the agent of the company, "but the said defendant has not paid the same or any part thereof, or offered so to do, and more than sixty days have passed since the giving of the said notice and the said defendant has become liable to the plaintiff for the sum of two hundred and fifty dollars, being double the amount of adamages caused by the killing of the mule aforesaid, and all costs, expenses, and a reasonable attorney's fee incurred by the plaintiff in collecting the same by suit." A demurrer to the declaration was properly overruled, since the declaration was not subject to the criticism that it does not appear whether the railroad line

was constructed before or after the enactment of the statute, and if subsequently constructed it does not appear that the road was in practical operation.  It is alleged that the defendant "was possessed of, operating and using a certain railroad."  This is a sufficient allegation that the road was in "practical operation," within the meaning of the statute.  Sections 2868 *et seq.* Gen. Stats. 1906.  Whether the road was constructed before or after the satute became effective, a cause of action was alleged.

By motion in arrest of judgment the constitutional validity of the statute is assailed in so far as it provides "that upon the failure to pay the claim within sixty days after its presentation the said railroad companies, person or persons owning or operating said roads not fenced as herein provided shall be liable for double the value of the animal killed or injured and for attorney's fees."

In St. Louis, I. M. & S. R. Co. v. Wynne, 224 U. S. 354, 32 Sup. Ct. Rep. 493, it was held that a statute allowing double damages for failure within a stated reasonable time after presentment to pay claims for live stock killed or injured by trains, could not be constitutionally applied where the demand is for an amount greater than that for which the action is brought.  In Chicago, M. & St. P. Ry. Co. v. Polt, 232 U. S. 165, ——Sup. Ct. Rep.——, it was held that a statute declaring a railroad company to be liable in double damages unless the claim is paid in full as demanded within sixty days, could not be enforced where the plaintiff demanded more than he recovered and the railroad company had offered less than was recovered, the court holding that "the rudiments of fair play required by the Fourteenth Amendment are wanting when a defendant is required to guess rightly what a jury will find, or pay double if that body sees fit to add one cent to the amount that was tendered, although the tender was

obviously futile because of an excessive demand." In Kansas City S. Ry. Co. v. Anderson, 233 U. S. 325, ——— Sup. Ct. Rep.———, it was held that double damages and a reasonable attorney's fee may be recovered where the company fails to pay within a stated time after notice of the claim "where the prior demand is fully established in the suit following the refusal to pay." Seaboard Air Line Ry. v. Seegers, 207 U. S. 73, 28 Sup. Ct. Rep. 28; Yazoo & M. V. R. Co. v. Jackson Vinegar Co., 226 U. S. 217, 33 Sup. Ct. Rep. 40.

In this case the defendant by stipulation "agrees and admits that all the material allegations of fact contained in said declaration are true, and may be considered as true and proven, * * * and that the sum of fifty dollars would be a reasonable fee for the services rendered by * * * attorney for plaintiff." The plaintiff acted on this agreement made a part of the record in the cause. The declaration alleges the value of the mule killed by the defendant's train to be $125.00 and that "the plaintiff gave notice in writing of the time, place and value of the said mule killed as aforesaid," that "more than sixty days have passed since the giving of the said notice," and that "the said defendant has not paid the same or any part thereof or offered so to do."

The court gave judgment for "two hundred and fifty dollars, being double damages assessed by the jury, together with his cost in this behalf expended, including an attorney's fee of fifty dollars fixed by the court upon testimony as to it being a reasonable attorney's fee to allow the plaintiff herein."

Under the allegations of the declaration which are expressly admitted "as true and proven" it must be considered that in this proceeding "the prior demand is fully

established in the suit following the refusal to pay," within the principle announced in the Anderson case *supra*.

This being so the statute Sections 2868 *et seq*. General Statutes of 1906, may be constitutionally and validly applied to the facts here admitted.

A statute may be valid as applied to one state of facts, though under another state of facts an application of the statute may violate rights secured by the organic law. Kansas City S. Ry. Co. v. Anderson, *supra*; Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.