*Ex Parte* F. L. WISE.

192 So. 872
En Banc
Opinion Filed January 2, 1940

*Frank Redd,* for Petitioner;
*Williams & Dart,* for Respondents.

PER CURIAM.—This is a case of original jurisdiction. On the 14th day of February, 1938, the petitioner, F. L. Wise, was convicted in the Municipal Court of the City of Sarasota, Florida, on two separate warrants charging him with the violation of a zoning ordinance of said city on

the 8th and 9th of February, 1938. He was by the municipal court sentenced to pay a fine of $200.00 for each violation, and on February 15, 1938, a writ of habeas corpus was issued by this Court on the petition of the said L. F. Wise.

The return to the writ so issued, as made by the City of Sarasota, its mayor and chief of police, shows that the petitioner, on the 6th day of July, 1937, acquired title to Lots 167 and 168 of Bayhaven Subdivision in the City of Sarasota, Florida, and erected thereon a building, and upon completion there took up his residence therein and made application for a license to operate the business of packing and selling citrus fruit. The issuance of the license was refused, when a legal tender of the correct amount required by the city for the license was made to the city. The petitioner continued to stock the premises with citrus fruits and offered the same for sale, when he was taken into custody by the chief of police and by two warrants charged with the violation of Subsection 1 of Section 4 of Zoning Ordinance No. 480, passed by the city council on July 25, 1936. There is a technical contention that the petitioner was not in custody or unlawfully detained when the writ issued by this Court. The record shows that the petitioner was convicted and sentenced for the violation of the ordinance. It appears that a decision of the case at bar turns on the question of whether or not the Zoning Ordinance No. 480 is valid and reasonable.

It is admitted by counsel for the respective parties that Ordinance No. 480 is a zoning ordinance and lawfully enacted by the City of Sarasota, Florida, and was in force and effect in the City of Sarasota on February 8th and 9th, 1938. It is contended by counsel for petitioner that the ordinance is invalid, discriminatory, arbitrary and uncon-

stitutional, while counsel for the City of Sarasota contends that the city had the charter power to enact the ordinance and that the ordinance is well within the police powers granted to municipalities to enact ordinances for the protection, comfort, health and general welfare of the people. The leading case on Zoning Ordinances is cited and relied upon, namely, Euclid v. Ambler Realty Co., 272 U. S. 365, 71 L. Ed. 303, 47 Sup. Ct. 114, 54 A. L. R. 1016, and several decisions of this Court on zoning ordinances.

The ordinance is assailed here on the ground that it is arbitrary, discriminatory, unreasonable, unconstitutional and void. It is established that where a person is convicted and sentenced under an invalid municipal ordinance, the said judgment of conviction and sentence may be inquired into and the petitioner discharged, and the remedy is habeas corpus. See Cason v. Quinby, 60 Fla. 35, 53 So. 741. A person held in custody under a sentence of a municipal court upon a conviction of a charge based on an ordinance alleged to be void—the validity of the ordiance may be tested by habeas corpus. See Hardee v. Brown, 56 Fla. 377, 47 So. 834; Pounds v. Darling, 75 Fla. 125, 77 So. 666, L. R. A. 1918E 949; Liberis v. Harper, 89 Fla. 477, 104 So. 835; Kinkaid v. Jackson, 66 Fla. 378, 63 So. 706; Shelton v. Coleman, 136 Fla. 625, 187 So. 266; Masters v. Cobb, 111 Fla. 267, 149 So. 337.

The record discloses the following facts: F. L. Wise applied to the City of Sarasota for a permit to erect a combination dwelling, fruit packing house and display room on lots within the area of land designated under the ordinance as Class B residential property. The petitioner applied to the Zoning Board for an order re-zoning the premises so as to permit the erection of the combination house, but the application to the Zoning Board was withdrawn by the

petitioner when the City of Sarasota issued to petitioner a permit to build a residence of the same dimensions and description which had been previously refused. When the building was completed, petitioner applied for a license to operate the business of packing and selling citrus fruit at said location, but the license was refused and petitioner tendered to the City the sum of $10.00 and demanded the issuance of a license, which was again refused.

The area of the City of Sarasota is six miles long North and South on Sarasota Bay and four miles wide East and West, and the property of the petitioner is situated in a northerly direction and nearly two miles from the center of the City of Sarasota on the Tamiami Trail. There is a filling station not a great distance from petitioner's property. Two tourist camps, a store, restaurant, dance hall, curio shop, and other business property are also located not a great distance from the petitioner's property. Likewise, a public school and the Ringling Art School are located in the vicinity of the Wise property.

On July 14, 1938, by an order of this Court, Honorable W. T. Harrison, a judge of the Twelfth Judicial Circuit, was appointed Commissioner of this Court and directed to take the evidence offered by the parties on the issues tendered, and to make recommendations to this Court upon the testimony taken before him. The material portions of the recommendations of the Honorable W. T. Harrison, as Commissioner, based on the evidence taken before him, are, viz.:

"First—The petitioner F. L. Wise, made application for permit on June 14, 1937, for the erection of a building designated as living room, display rooms and packing house, size 90 feet, depth 25 feet, height 10 feet, stories one, rooms 4, novelty siding, metal roof, partially ceiled, estimated

cost $4,500.00, which permit was on the same day refused, 'as lot is in Zone B residence district."

"Whereupon, on an application bearing date July 2, 1937, F. L. Wise made application for permit to construct a residence, size 90 feet, depth 25 feet, height 10 feet, stories one, rooms 5 and garage, novelty siding and metal roof, ceiled inside, cost $4,250.00, which permit was issued on July 1, 1937, the permit stated 'Zone B, O. K. for residence,' with the further notation in red pencil 'permit issued on instruction from Chairman, Zoning Board.'

"It will be noted by these two exhibits 'F' and 'G', the building described in both instances is occupying the same lot and is of identical dimensions.

"There appears in the record some basis for the contention of Mr. Wise of assurances modification would be made in the zoning classification of this property which would permit his operation of a packing house thereon. However, he knew the property was classified as 'Class B residential' when he bought it.

"Second—The lot in question is classified 'B residential' property. It is within a few hundred feet of marginal business property and from all testimony taken, I am of the opinion the property is not desirable as residential property. It is situated on Tamiami Trail, the main entrance into the city of Sarasota, approximately two miles from the heart of town. The packing house operated by Mr. Wise does not fall within that class of packing houses designed and equipped to handle any great volume of citrus fruits. It is designed primarily for the packing of fruit for sale in small lots or for handling orders in small quantities. It is not designed to handle car-lot or truck-lot shipments. It is not located on the railroad, neither does it have access to water facilities for shipment except by

transporting the fruit after it is packed to the water terminal.

It is the position of the City that a packing house of this nature can be lawfully operated and maintained in the business or marginal districts of the city. Packing houses of this nature are usually located on a thoroughfare at or near the outskirts of the city, where parking facilities are available and where their wares may be displayed to the traveling public. The location appears to be ideal from the standpoint of the operation of such a plant, and since the same is immediately adjacent to marginal business property on a principal thoroughfare removed from filling stations only by streets to the south and west, I am of the opinion Mr. Wise has shown himself entitled to have his property reclassified, and that as applies to him and the house on this particular property, the ordinance is unreasonable. Whether under the circumstances he should have assailed the ordinance by other procedure, I make no suggestion.

"There is ample testimony by the owners of homes not far removed from Mr. Wise's plant to support the finding here made. The former owner of the property, E. F. Staples, whose testimony is on pages 114-119, is to the effect that he had owned this property for some years and was unable to use the same because he was unable to dispose of it except as business property.

"I do not find and I do not think the zoning ordinance as a whole is unreasonable, but on the contrary I consider the same necessary and advisable, though I am of the opinion the testimony shows the petitioner entitled to have a reclassification of his property, whereby a business of the nature of that conducted by him might be conducted on his property. The ordinance by its terms provides a method for a reclassification of property.

"I have not undertaken to determine the issues since the cause was referred to me with directions to take the testimony of the respective parties and forward the testimony taken, with my recommendation thereupon, and for that reason my recommendations have been confined to the testimony. There is much testimony to support the contention of the City to the effect that the property in question should remain as classified, namely Class B residential property, but I fail to find in view of other business establishments so near by within the marginal business zone, that the building as constructed constitutes any hazard or menace and as stated above, am of the opinion that a fruit packing house must either be classified merely as business and permitted to be constructed in the business zone of the city or that it would be classified as industrial and then be permitted only in the industrial area. I am of the opinion the zoning ordinance should have classified this property as marginal business property.

"The zoning ordinance as it clearly appears from the testimony in the case, has a provision whereby property may be reclassified. Several witnesses have testified it was fully realized the ordinance was not perfect and that reclassification would be necessary in some instances. While I have found and recommended this property should have been classified as marginal business property, I still respectfully call to the court's attention the ordinance itself provides a method or manner for reclassifying the property whereupon the petitioner who purchased with due notice had full opportunity to seek redress in the court upon the failure of those authorized by the ordinance to classify his property in event he felt aggrieved * * *."

This Court, speaking through Mr. Justice ELLIS, in Pounds v. Darling, 75 Fla. 125, 77 So. 666, L. R. A. 1918E,

949, pointed out the prerequisites of a valid ordinance, and said:

"* * * To be valid an ordinance must be reasonable and not in conflict with any controlling provision or principle of law (Waller v. Osteen, 60 Fla. 268, 52 South. Rep. 970) ; should be within the powers expressly or impliedly conferred (Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834; Malone v. City of Quincy, 66 Fla. 52, 62 South. Rep. 922; Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915), and if any doubt exists as to the extent of a power attempted to be exercised by a municipality out of the usual range, or which may affect the common-law right of a citizen, it is to be resolved against the municipality. Anderson v. Shackleford, 74 Fla. 36, 76 South. Rep. 343."

An ordinance when in force should not in its application deprive the owner of a reasonable use and enjoyment of his own property, thereby depriving him of his property without due process of law or just compensation. The ownership of property is guaranteed by the State and Federal Constitutions. Frequently it becomes necessary for the property and use thereof to yield to constitutional regulations. While a municipality or ordinance may regulate or limit the use of property in behalf of the general welfare of its citizens, such action is authorized only in a constitutional manner. See City of Palmetto v. Katch, 86 Fla. 506, 98 So. 352; Liggett Co. v. Amos, 104 Fla. 609, 141 So. 153.

The permit granted by the City to the petitioner authorized him to construct a building of wood ninety feet in length and twenty-five feet in width, ten feet high, with a metal roof, and the building had living quarters therein. The City refused a permit for the same building when referred to as a "combination building," but granted the permit for a "residence." The building is shown to be neatly

constructed, well painted, and the grounds are terraced and planted with shrubbery. It is shown that the building cost some $8,000 or $9,000. The City refused to issue a license to petitioner to sell citrus fruits from this building, but it had full knowledge of the type of business that petitioner intended to operate when the building permit issued. It has not been shown on this record that the business operated by the petitioner was deleterious to the health, safety or welfare of the people. It was the recommendation and opinion of the Honorable W. T. Harrison that the ordinance in its application to the building of the petitioner was unreasonable and the testimony fully established this conclusion.

It is well settled law that when a zoning ordinance in its application has the effect of completely depriving an owner of the beneficial use of his property, the ordinance should be altered or amended so as to prevent a confiscation of property without compensation. See State *ex rel.* Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; State *ex rel.* Helseth v. DuBose, 99 Fla. 812, 128 So. 4.

It is a well recognized principle of law that a statute or ordinance may be valid as applies to one set of facts, though invalid in its application to another set of facts.

In the case of Dutton Phos. Co. v. Priest, 67 Fla. 370, 65 So. 282, the Court had before it the validity of a statute making a company or individual liable in damages to any person injured where holes or pits are dug and left open. The plaintiff, Priest, brought suit to recover under that statute and the constitutionality thereof was considered and upheld by this Court, when the language was used, viz.:

"Where a statute may be so construed as to render it unconstitutional, a construction in accord with organic law should be adopted when it can fairly be done; and when by

a just and reasonable construction of a statute with reference to the object designed, its operation and effect will not violate the Constitution, a party attacking the statute on the ground that it may be so construed as to invade private rights secured by the Constitution, must show that in the case he presents, the effect of applying the statute is to deprive him of a constitutional right. The application of a statute in a particular case may violate organic law, but the statute as framed may not be unconstitutionl when properly applied. See Cedar Street Co. v. Park Realty Co., 220 U. S. 107, 131 Sup. Ct. Rep. 342; * * *."

The case of Seaboard Air Line Ry. v. Robinson, 68 Fla. 407, 67 So. 139, was a suit to recover double damages and attorney's fees allowed under a statute for not paying the claim within sixty days after receipt of written notice of loss. The constitutionality of the statute was challenged and the same was sustained and held valid as applied to the facts in the case. The Court further held that a statute may be valid as applied to one state of facts, though under another state of facts an application of the statute may violate rights secured by the organic law.

In the case of *In Re:* Seven Barrels of Wine, 79 Fla. 1, 83 So. 627, this Court held that a statutory regulation may, consistently with organic law, be applied to one class of cases in controversy and may violate the Constitution as applied to another class of cases. This does not destroy the statute; but imposes the duty to enforce the regulation when it may be legally applied.

We therefore hold that the zoning ordinance, *supra,* is valid, but in its application to the building of the petitioner the same is on this record unreasonable and unenforceable. The judgment of conviction against him in the Police Court

of the City of Sarasota are each unenforceable and the petitioner is hereby discharged.

It is so ordered.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

JUSTICES BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.