54 So.2d 59 (1951)
NAVARRO, Inc., et al.
v.
BAKER.
Supreme Court of Florida, Division A.
August 10, 1951.
David C. McDonald, Miami, and Wendell C. Heaton, Tallahassee, for appellants.
J.Y. Porter, IV, Key West, for appellee.
THOMAS, Justice.
Edgar Baker was killed while employed by Navarro, Inc. Mary Baker and her two sons of a former marriage were then living with him. The Bakers had been married approximately two years when the wife instituted suit for divorce and while the cause was pending, Mary Baker went to Connecticut where soon afterward Edgar Baker joined her. About the time the final decree was rendered in this state the parties entered into an arrangement in the foreign state fully to resume the marital relationship. Immediately afterward they returned to Florida and continued cohabitation until death came to the man. The deputy commissioner thought a common-law marriage was perfected; the full commission disagreed; the circuit judge reversed the commission's order.
There is no dispute over the propriety of an award, but only about participation of Mary Baker. A decision of the controversy must depend upon the efficacy of the marriage she asserts.
There was abundant evidence to show the elements of capacity, cohabitation and public recognition, but the appellants cast doubt on the establishment of any agreement per verba de presenti. When the circumstances of their reunion are considered together with the testimony of their subsequent cohabitation and repute, Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789; McClish v. Rankin, 153 Fla. 324, 14 So.2d 714, we find no error in the conclusion that this component was also proved.
There was originally no such meretricious relationship as was discussed in McClish *60 v. Rankin, supra. The parties were in the first instance joined in matrimony by a minister of the gospel. When they parted he went to relatives in Kentucky, she to her mother in Connecticut; when they met again she was in the home of her mother and he was accompanied by his sister.
True, no positive statements were exchanged when they agreed to resume relation of husband and wife, but the circumstances surrounding their meeting were more eloquent and forceful than formal language. His visit was preceded by a letter to her in which he said "he wanted to come back to me and that we should live together again." He arrived the next day and asked her to "take him back" and told her he could not live without her. She testified she "felt the same way about him and so," she swore, "we both went back together again." Also she said she went "back to him because I loved him and he loved me." (Italics ours).
Counsel succeeded in leading her to an answer that the reason they reunited was her feeling that they were not divorced, but that would not counteract the other evidence on the point, particularly as the divorce, according to our interpretation of the evidence, had not then been granted. Obviously, by repeated use of the word "back" the parties were expressing a desire and a purpose to resume the living together that had originally been based on a ceremonial marriage.
All this superimposed on the events beginning with the separation and ending with the divorce gives emphasis to the circuit judge's opinion. The parties separated June 10th; the bill and answer were filed June 12th; she left for Connecticut and he for Kentucky June 17th; they reunited June 24th; the divorce was granted June 26th; a few days later they were back in Florida, living as they had lived three weeks before.
In McClish v. Rankin we expressed our lack of enthusiasm for the common-law marriage and we do not now recede from our position, but as we still must tolerate them, we conclude that no reason has been shown for disturbing the ruling that one was established in this controversy.
The final question presents the effect upon the validity of the marriage of its having been incepted and consummated in a state where such unions are not recognized. Our view is that this was no impediment to the marriage relationship after the parties had returned to Florida and continued to live here openly as man and wife. Travers v. Reinhardt, 205 U.S. 423, 27 S.Ct. 563, 51 L.Ed. 865.
Affirmed.
SEBRING, C.J., and TERRELL and HOBSON, JJ., concur.