SHANNON, Chief Judge.
This appeal is from a final decree permanently enjoining the appellant, defendant below, from collecting garbage in certain garbage collection districts in Palm Beach County.
In 1955 the Legislature passed a Special Act, Chapter 31118, which authorized the Board of County Commissioners of Palm Beach County to grant franchises for garbage and waste collection, and empowered the Board to fix district boundaries for this purpose. The Act also set out other standards by which the Board was to be governed, and stated that the purpose of the Act was to promote the health and general welfare of the community.
On December 15, 1959, the plaintiff (ap-pellee) filed his bill of complaint, seeking a permanent injunction restraining the defendant from collecting garbage, trash or rubbish in districts numbered 3, 4 and 6A, the districts for which the plaintiff had an exclusive franchise. Various defenses were filed and testimony was taken. The chancellor, in his final decree, held for the plaintiff and granted him a permanent injunction, stating in his decree, in part, as follows:
“Ordered, Adjudged and Decreed that the Defendant, his servants, agents and employees be and they are hereby permanently restrained and enjoined from collecting garbage, trash or rubbish or engaging in the business of collecting and disposing of garbage, trash or rubbish within the districts numbered 3, 4 and 6-A, as described in Exhibit A attached to the complaint herein.”
Chapter 31118 of the Special Acts of 1955 provides, in part as follows:
“Section 1. For the purpose of promoting the health and general welfare of the communities, as hereinafter provided, the Board of County Commissioners of Palm Beach County, Florida, is hereby authorized and empowered to grant franchises in such districts in said County as may be designated by it lying outside the boundaries of any city or town, to persons or to corporations applying therefor, the same to inhere to the heirs or assigns of the said persons or to the successors or assigns of the said corporations, for the purpose of collection, removal and disposal of garbage and waste in such districts. Such Board of County Commissioners by resolution may designate and create districts in such size, number, shape or area as it may from time to time deem best suited to carry out the purpose of this Act. The said franchises may be exclusive or nonexclusive, but shall not exceed the term of five years.”
There is provided in the Act the procedure for obtaining such franchise. Pursuant to the Act, the Board of County Commissioners, on January 23, 1956, passed a resolution establishing and describing certain garbage and trash collection districts in the confines of the county and awarding *27 exclusive franchises to certain named trash and garbage collectors. This resolution was amended by further resolution of the Board on February 27, 1956, which set out the districts that are the subject of this suit. The defendant failed to apply, under the Act, for a franchise for districts numbered 3, 4 and 6A, or any part of them, although the Act itself had a provision requiring him to make such application and secure a franchise if he were to obtain any rights or interest in the garbage services in these districts. Notwithstanding defendant’s failure to make an application, he proceeded to solicit and engage in the business of garbage and trash collection within the plaintiff’s exclusive territory in violation of the Special Act and in direct contravention of the terms of the plaintiff’s exclusive franchise. That the defendant did encroach upon the plaintiff’s territory is not denied by any of the pleadings or by the testimony that has been presented.
Throughout his brief and his argument the defendant hits constantly at the principle of non-delegation of legislative power. We agree that the principles he cites are correct. In Bailey v. Van Pelt, 1919, 78 Fla. 337, 82 So. 789, 793, the court had this to say concerning the problem of the delegation of the legislative power:
“The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. This principle of the law is peculiarly applicable to regulations under the police power, since the complex and everchanging
conditions that attend and affect such matters make it impracticable for the Legislature to prescribe all necessary rules and regulations.
“Authority to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law within designated limitations, is not an exclusively legislative power. Such authority is administrative in its nature, and its use by administrative officers is essential to the complete exercise of the powers of all the departments.”
See also, Sylvester v. Tindall, 1944, 154 Fla. 663, 18 So.2d 892; McRae v. Robbins, 1942, 151 Fla. 109, 9 So.2d 284; Pridgen v. Sweat, 1936, 125 Fla. 598, 170 So. 653; Richardson v. Baldwin, 1936, 124 Fla. 233, 168 So. 255; Ex parte Lewis, 1931, 101 Fla. 624, 135 So. 147; and 6 Fla.Jur., Constitutional Law, Sec. 148. The facts in this case, however, do not lend themselves to those principles. The Act itself, and very little attention is paid by the appellant to its constitutionality, contains broad and explicit standards for effectuating its purpose. But, says the defendant, constitutionally valid legislation may be unconstitutionally exercised. With this principle we likewise agree. The Supreme Court of Florida, on numerous occasions, has held that a statute or ordinance may be valid as applied to one set of facts and invalid in its application to another. Seaboard Airline Ry. v. Robinson, 1914, 68 Fla. 407, 67 So. 139; Ex parte Wise, 1940, 141 Fla. 222, 192 So. 872; In re Seven Barrels of Wine, 1920, 79 Fla. 1, 83 So. 627; Dutton Phosphate Company v. Priest, 1914, 67 Fla. 370, 65 So. 282. This position also assumes a state of facts which is not supported by the record. The constitutional issue was before the trial court and the chancellor, from the facts, found no substantial evidence of improper delegation, or an invalid application of the facts involved. It is well established that every presump *28 tion is in favor of the constitutional validity of an act of the Legislature and one challenging the constitutionality of a law has the burden of making its invalidity clearly to appear. Gauldin v. Kirk, Fla. 1950, 47 So.2d 567. In reviewing the record, we cannot say that there is any invalidity in the establishment of the garbage and trash districts involved. There is no evidence that the Board of County Commissioners by its resolutions did not carry out the details of the Act itself. There is no evidence that any individuals had exercised the legislative power when the Board adopted the resolutions setting up the various garbage districts. It is true that private individuals, garbage collectors, did advise with the Board of County Commissioners, but then the Board, by resolution, established the boundaries and, by lawful means, established the right to collect garbage within those districts. It must be remembered that the defendant did not bid for a franchise on the territory which is involved in this suit.
There is no evidence that the Board of County Commissioners had and used absolute authority to approve or disapprove of the division of territory suggested by the garbage collectors. Upon the Board’s utilizing its authority to designate the territory, they passed a resolution, and whether or not the resolution, as such, was identical with the recommendations previously made to the Board, it was their prerogative and duty at the time of voting to either use the territory suggested to them or to use another. Assuming that the Board used the territory suggested by private individuals, can it be said that by agreeing with the private individuals they were doing an unconstitutional act? This court takes the position that the Board of County Commissioners certainly was entitled to use the advice of experts in this particular field prior to adopting the resolution and such resolution when adopted, even on the recommendation of private individuals, is not an unconstitutional application of Chapter 31118, Laws of Florida, 1955. In-so far as this record is concerned, it is our opinion that the chancellor was correct in the final decree enjoining the appellant.
Affirmed.
ALLEN, J., and FUSSELL, CARROLL W., Associate Judge, concur.