PER CURIAM.
This is an appeal by the defendant below from a final decree enjoining it from violating certain portions of the Palm Beach County Building, Electrical and Plumbing Codes.
The appellant herein by its answer attacked the statutory authority of the Board of County Commissioners of Palm Beach County to adopt building, electrical or plumbing codes asserting that Chapter 57-1691, Laws of Florida, Special Acts of 1957, as amended by Chapter 59-1686, Laws of Florida, Special Acts of 1959 is invalid and unconstitutional.
The pre-trial order acknowledges that the validity of these statutes is one of the issues for trial, however, the final decree does not expressly rule upon the question.
Nevertheless, the entry of the decree appealed from constituted a negative disposition of this question thereby implicitly holding that said acts are valid.
This finding of validity was assigned as error and is argued in the briefs. Indeed, the appellees in their brief state that the only issue on this appeal concerns ap-pellee’s statutory authority to adopt and enforce building, electrical and plumbing codes.
Under Article V, Section 4(2) of the Florida Constitution, F.S.A., appeals from final judgments or decrees directly passing upon the validity of a state statute proceed directly to the Supreme Court.
Although the court below did not explicitly rule upon the validity of the acts, we are of the opinion that a decision as to their validity was necessary to a determination of this cause and hence this court is without jurisdiction of this appeal. Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Air. A., Fla.1959, 111 So.2d 439; Evans v. Carroll, Fla.1958, 104 So.2d 375.
We are, therefore, providing sua sponte for the transfer of this cause to the Supreme Court since it appears we are without jurisdiction to consider the merits of this appeal.
Whereupon, this court, as authorized by Rule 2.1(a) (5) (d), Florida Appellate Rules, 32 F.S.A., directs that the notice of appeal and all other papers filed herein shall at the expiration of five days from the filing of this opinion be transferred to the Supreme Court of the State of Florida.
It is so ordered.
WALDEN, C. J., and OWEN, J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.