218 So.2d 745 (1969)
DEMKO'S GOLD COAST TRAILER PARK, INC., a Florida Corporation, Appellant,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, and J.H. Watson, Jr., Walter R. Hooker, William F. Koch, Jr., George R. Brockway and Roy E. George, As and Constituting the Zoning Commission of Palm Beach County, Florida, Appellees.
No. 37501.
Supreme Court of Florida.
February 5, 1969.
C. Shelby Dale, of Dale & Stevens, Ft. Lauderdale, for appellant.
Jones, Adams, Paine & Foster and Sidney A. Stubbs, Jr., West Palm Beach, for appellees.
ERVIN, Chief Justice.
We review an appeal transferred here by the District Court of Appeal, Fourth District. *746 211 So.2d 62. The appeal is from a final decree of the Circuit Court of Palm Beach County, Florida, in a suit brought by Palm Beach County, Florida, and the Zoning Commission of said County. The decree enjoined the Appellant, Demko's Gold Coast Trailer Park, Inc., a trailer park corporation, the defendant below, from (1) utilizing four cabana-like structures for living purposes, but allowing them to be converted into an office and storage structures for Appellant's use for a period of three years; (2) from utilizing twenty-one described lots in the block Appellant owns for a rental trailer park until such use is approved by the Zoning Commission of Palm Beach County and such park is constructed pursuant to the provisions of the Palm Beach County Building, Electrical, and Plumbing Codes and Zoning Resolution, and (3) requiring Appellant to comply with said codes and zoning resolution as to certain structures and installations in six new trailer spaces located on twenty-two other lots in said block within thirty days.
The complaint of the County and the Zoning Commission alleged a series of violations of the County's general building code adopted February 19, 1962 and of the County's electrical and plumbing codes adopted June 22, 1964 and May 2, 1967, respectively.
Appellant Trailer Park, defendant below, interposed several defenses. Appellant challenged the validity of the various codes and zoning resolutions adopted by the County on grounds that the enabling statutes, Chapters 57-1691 and 59-1686, Special Acts, did not confer appropriate authority to enact said codes or zoning resolutions, nor prescribe any standards or limitations in their adoption by the County. Appellant further asserts that Sections 7 and 9, Chapter 59-1686, are unconstitutional in that the title to said act does not state or refer to, or inform the reader of any authority to set up the various codes in question.
We accept jurisdiction of the transferred appeal. With reference to our acceptance, we note that the final decree appealed from does not expressly by its language pass upon the questions presented by the defendant Trailer Park corporation concerning the validity of said enabling statutes. However, as related, the decree enforces the building, electrical, and plumbing codes and the zoning resolution. Under these circumstances the silence of the trial court in its decree as to the validity of the enabling statutes does not detract from our jurisdiction under the inherency doctrine to accept and review the transferred appeal. It is implicit in the decree the trial court upheld the challenged statutes, since it enforced the codes and zoning resolution adopted thereunder. See Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority (Fla.), 111 So.2d 439.
We review the challenge of the Appellant to the validity of the said enabling statutes. The Appellant expressly states in its brief it does not challenge the County's findings concerning the violations of the zoning resolution and the building codes, but only the validity of the enabling statutes upon which Appellees predicate their authority to adopt and enforce such codes and zoning resolution. Therefore, it follows that when we answer the questions concerning the validity of the enabling statute we dispose of the appeal.
We find the challenged statutes valid and affirm for the following reasons:
The Appellant contends (1) that while Chapter 57-1691 in its title gives notice that the Board of County Commissioners of Palm Beach, as the County Zoning Commission, is authorized to zone lands in the unincorporated areas of the county concerning their use and development, and may provide "for the adoption of building, electrical and plumbing codes," Section 5 in the body of the Act which enumerates the powers and duties of the Commission, does not in terms authorize the Commission *747 to adopt building, electrical, and plumbing codes; and (2) that while Section 6(e) provides "[t]he Zoning Commission shall have authority to adopt building, electrical, plumbing and other codes and to change same from time to time when deemed proper for the public welfare," this bare grant of authority is not coupled with any language in the Act prescribing the standards or guidelines to control in the adoption of such codes.
In its argument in support of these points, Appellant contends the mentioned references in Chapter 57-1691 to the authority to adopt said building, electrical, and plumbing codes were merely after-thoughts injected into the land use zoning provisions of the Act; that as a consequence the two subjects are not sufficiently related and do not constitute a consistent whole in terms of appropriate directions and standards for the Commission's guidance in the adoption of such codes, even though the language in the Act may be adequate in respect to the zoning of lands.
The answer to this argument is that while admitting Section 5 and Section 6(e), when read in isolation, may not meet the tests suggested by Appellant and in the drafting phase references to the code adoption authority may have been after-thoughts, nevertheless, these sections when read in connection with all the provisions of the Act appear to meet the legal requirements necessary to support the enabling authority granted. Furthermore, the general language in the Act, which when originally drafted may have been intended to refer only to land use zoning authority, cannot logically be said to be wholly unrelated to the building codes authority. The two subjects regulated, land use and building construction, including necessary installations, are in our opinion close enough related in their practical effects to warrant their inclusion in one act. Both subjects may be classified together for regulation, since they relate to the nature and kind of uses to which inhabitants of the County may devote their various property interests.
The Act, consisting of some thirty sections, is replete with general language which, among other things, states that the Act is "designed to promote, protect and improve the public health, safety, comfort, order, convenience, prosperity, morals and general welfare" (see Section 2), and that the Commission shall acquire "basic information and materials as are necessary to an understanding of past trends, present conditions, and forces at work to cause changes in these conditions." (See Section 5.) Also included in the Act are general provisions affording due process originally and by appeal.
In North Broward Hospital District v. Mizell (Fla.), 148 So.2d 1, we upheld the validity of a special act that gave a hospital district the power to grant or revoke licenses or privileges of staff members predicated on no more explicit standards than that the "welfare and health of patients in the best interests of the hospital * * * at all times be * * * served." See also, Grova v. Baran (Fla.App.), 134 So.2d 25, where the Second District Court of Appeal upheld a special act providing that a county board could grant franchises in garbage districts pursuant to standard that the act was designed for the "purpose of promoting health and general welfare of the communities."
In the extremely technical subject relating to building construction and electrical and plumbing installation, we do not believe the Legislature should be expected to be more specific in its enabling language than was employed in this Act. See generally, 1 Am.Jur.2d, Administrative Law, § 119.
The later Act, amendatory of Chapter 57-1691 referred to hereinbefore, Chapter 59-1686, neither adds to nor detracts from the conclusion we reach herein.
Finding the statutory authority is legally sufficient to enable the County *748 Board to adopt the subject building, electrical, and plumbing codes and zoning resolution, we
Affirm.
ROBERTS, DREW, THORNAL, CALDWELL (Retired), JJ., SPECTOR, District Court Judge, and MASON, Circuit Judge, concur.