HENDRY, Judge.
Appellant-respondent Metropolitan Dade County seeks review of a final judgment ordering rezoning from EU-M (estate use, modified) to RU-1 (single family) with a special exception to permit the resubdivision of each platted lot into four conform *197 ing lots compatible with other lots zoned RU-1 in surrounding area. Appellee-peti-tioners are the owners of two non-conti-gous }/¿-acre estate lots near S.W. 34th and 35th Streets and 92nd Avenue.
The block in which the two lots in question are located contains lots zoned EU-M, RU-1,' and RU-2 (duplex). The court found that since 1947 the Commission has by a series of resolutions systematically and routinely changed the zoning classifications of individual lots in the subdivision and in the surrounding area to a zoning classification no less liberal than RU-1. The court below characterized these past activities as “spot zoning.”
One of the appellee landowners divided his }4-acre lot in half and began building on it. The county asserts this violates the zoning laws; the landowners contend it does not, and that county did not raise this below. The county also asserts part of the record is missing (proceedings before the Zoning Appeals Board); the landowners assert this was not raised below. The appellant Metropolitan Dade County further contends a petition for writ of certiorari merely alleging conclusions uncoupled with ultimate facts should be dismissed for failing to state a cause of action and that the appellees have not carried the burden of demonstrating that the issue is not fairly debatable. The appellees have presented contrary arguments.
As to the county’s point concerning the sufficiency of the petition, we express the view that the petition ' for certiorari presented to the circuit court was not a model pleading. However, under Florida’s liberal pleading procedure, the court did not err in refusing to grant the county’s motion to dismiss.
The appellant, in support of his second point concerning the “fairly debatable rule,” has cited a plethora of cases establishing that the fairly debatable rule applies in court review of the legislative matter of zoning. The lower court did not, however, err in the application of the rule to the instant facts. The judgment recited:
“2. The Court notes that the facts in this case evidence that since 1947 the Respondent, Board of County Commissioners of Metropolitan Dade County, Florida, has by resolutions duly enacted during a period of many years, systematically and routinely changed the zoning classification of individual lots in the subdivision known as Happy Farms Acres No. 2, and in the land areas immediately adjacent and surrounding this subdivision to a zoning classification no less liberal than RU-1, single family residential; the County has thus by its own conduct caused extensive encroachment into the modified estates zoning classification of the Happy Farms Acres No. 2 subdivision.
“3. The Court further notes that in the enactment of the various resolutions authorizing a change of zoning classification of lots in Happy Farms Acres No. 2, the Respondent, Board of County Commissioners of Metropolitan Dade County, has consistently stated its belief that the change of zoning classification to RU-1, single family residential, to be in accord with and for the betterment of the overall, comprehensive zoning plan for Dade County, Florida.
“4. The Petitioners at the hearing on their application for a change of zoning classification for their lots located within Happy Farms Acres No. 2 subdivision to RU-1, demonstrated by evidence and testimony that the requested change of zoning would be compatible with the neighborhood concerned and would not be in conflict with the principles and intent of the plan for the development of Dade County evidenced by the previous resolutions of the respondent Board.
“5. No evidence or testimony was presented at the hearing by Metropolitan Dade County, its Zoning Director, its Planning Department or any person on its behalf in opposition to the requested *198 zoning change, and no reasons of health, morals, safety or welfare of the community are evident from the record to deny the requested zoning change.
“6. The enactment of the various resolutions affecting the zoning classification of individual lots in Happy Farms Acres No. 2 subdivision have had the effect of spot zoning, thereby affording some property owners a less restrictive use of their property than others in this same subdivision and adjacent areas with no reasons of public health, morals, safety or welfare of the community appearing.”
The judgment of the circuit court arrives in this court clothed with a presumption of correctness. Accordingly, it is the burden of the appellant to make error appear. Appellant has failed, however, to make such error appear. We express the view, therefore, that the judgment appealed should be affirmed upon the authority of the following cases.
In Burritt v. Harris, Fla.1965, 172 So.2d 820, 822, the Supreme Court relied upon the following statement from Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 646 (1941):
“ ‘Restrictions on private property must be kept within the limits of necessity for the public welfare or it will be recognized as an unlawful taking. Averne (Arverne) Bay Constr. Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110. And when property, restricted to a defined use by a zoning ordinance, changes its physical character from natural causes to the extent that it is no longer adaptable to the use it is zoned for, then it becomes the duty of the zoning board to relax its restrictions to prevent confiscation just as much so as in the case where the regulation was invalid in the first instance. See State ex rel. Taylor v. [City of] Jacksonville, supra [101 Fla. 1241, 133 So. 114]; Ex parte Wise, 141 Fla. 222, 192 So. 872.’ ” In Burritt, supra, the court quashed the district court decision which had upheld the zoning authority’s decision not to rezone. In Manilow v. City of Miami Beach, Fla.App.1968, 213 So.2d 589, the trial court denied petitioners relief from certain zoning restrictions by declining to issue the writ of certiorari, and this court reversed. Our decision was based, in part, upon changed circumstances in the locale, which rendered the zoning restrictions so unreasonable, arbitrary and capricious as to constitute a taking of the owner’s property.
Therefore, for the reasons stated and upon the authorities cited the judgment appealed is affirmed.
Affirmed.