QUESTION: Can the City of Tavares, using money derived from a special tax for publicity, purchase a building for the sole use of the chamber of commerce and pay the salaries of employees of the chamber of commerce?
SUMMARY: A tax levied for publicity is a valid municipal purpose pursuant to Art. VII, s. 9(a), State Const. The use of moneys collected to purchase a building for the chamber of commerce and payment of salaries for the same is not within the permissible purposes of that tax, nor is it a proper public purpose. Your question is answered in the negative for the reasons presented herein. Article 9, s. 1, Ch. 59-1925, Laws of Florida, provides: . . . [Tavares] is hereby authorized to levy and collect each year a special tax, not to exceed five mills, for the purpose of giving publicity to the advantages offered by said municipality to prospective home seekers and investors. . . . (Emphasis supplied.) Pursuant to Art. VIII, s. 2(b), State Const., and the Municipal Home Rule Powers Act [s. 1(5), Ch. 73-129, Laws of Florida; s.166.021(5), F.S.], the special act in question became a city ordinance. See also Art. VII, s. 9(a); Art. VIII, s. 6(b); Art. XII, s. 6(a), State Const. It is assumed that Art. 9, s. 1, Ch. 59-1925, Laws of Florida, has been neither supplanted nor amended by city ordinances. Article VII, s. 9(a), State Const., allows municipalities to levy ad valorem taxes for municipal purposes. Thus, the question becomes: Is publicity a valid municipal function? The great weight of authority holds that it is. Miller v. Ryan, 54 So.2d 60 (Fla. 1951); City of Fernandina v. State,197 So. 454 (Fla. 1940); City of Jacksonville v. Oldham, 150 So. 619
(Fla. 1933). Although the levy is for a public purpose, the disbursement of public funds to a nongovernmental entity such as a nonprofit corporation must also be for a public purpose. Furthermore, there must be a "reasonable expectation that such purpose will be substantially and effectively accomplished." O'Neill v. Burns, 198 So.2d 1 (Fla. 1967). As to this last requirement, serious doubt is raised as to whether a building for the chamber of commerce and salaries for its employees would "give publicity to the advantages offered by said municipality to prospective home seekers and investors." Chapter 59-1925, Laws of Florida. Nor does such an expenditure meet the test that the "primary benefit" should accrue to the public. Attorney General Opinion 073-394. Although it is conceivable that this money from the city would allow the chamber to expand its advertising campaign for the city, this is too indirect an expenditure and a "mere incidental advantage to the public" does not make it a "public purpose." Brandes v. City of Deerfield Beach, 186 So.2d 6
(Fla. 1966). It should be noted that the sum total of municipal taxes levied, which includes the publicity tax in question, is subject to the 10- mill limit. Article VII, s. 9(b), State Const.; s. 200.081, F.S. Only those taxes levied for payment of bonds or authorized by a vote of the electorate for no longer than two years are excluded. It is assumed that the publicity tax in conjunction with all other municipal taxes is within the constitutional mandated limit.