QUESTIONS: 1. Is it a proper public purpose for a city to allow the chamber of commerce to utilize a portion or all of a municipally owned building? 2. Is it a proper public purpose for a city to donate money to the chamber of commerce for its general purposes?
SUMMARY: Assuming that the chamber of commerce would not be charged a rent of full market value, it is not a proper public purpose for the city to allow the chamber of commerce to utilize a portion or all of a municipally owned building. Nor may the city donate money to the chamber of commerce for general purposes. From the content of your second question I am assuming that under the first the chamber would not be charged a rent of full market value. Both of your questions should be answered in the negative. You have specifically requested a clarification of AGO 074-158. In that opinion I concluded that pursuant to Art. 9, s. 1, Ch. 591925, Laws of Florida, a tax levied for publicity may serve a municipal purpose under Art. VII, s. 9(a), State Const. However, the use of moneys so collected to purchase a building for the chamber of commerce and payment of salaries for employees of the same was determined not to be a proper public purpose expenditure under the principles set forth in O'Neill v. Burns, 198 So.2d 1
(Fla. 1967). The Florida Supreme Court has consistently held that municipal publicity may be a valid municipal function. Miller v. Ryan, 54 So.2d 60 (Fla. 1951); City of Fernandina v. State,197 So. 454 (Fla. 1940); City of Jacksonville v. Oldham, 150 So. 619
(Fla. 1933). However, if public moneys are distributed to a nongovernmental entity such as a nonprofit corporation, there must be a "clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished." O'Neill v. Burns, supra, at p. 4. The court held in O'Neill v. Burns that the allocation of $50,000 for the International Jaycees for creation of permanent headquarters would not serve a "primary as distinguished from an incidental benefit to the public." The court also noted that the state did not retain control of the funds allocated. Id. Cf. AGO 075-120. As to your first question, it is my opinion that, under the test of O'Neill, the city cannot allow the chamber to utilize a portion or all of a municipally owned building. The primary benefit accrues to the chamber in the form of free office space. Similarly the primary purpose would not appear to be publicity but instead to assist the chamber of commerce. In your second question you have stated that the moneys donated were to be used for "general purposes." Again there is no primary benefit to the public and the primary purpose is again to assist the chamber. Moreover, the municipality has not retained any control over the funds. There is thus no "reasonable expectation that [a public] purpose will be substantially and effectively accomplished." Therefore, as meritorious as the chamber and its purposes may be, "absent a measure of public control and a primary public purpose to be served, [such expenditures are] not authorized by the constitution of Florida." O'Neill, supra.