The Honorable William Carroll Chairman Board of County Commissioners Santa Rosa County Post Office Box 781 Milton, Florida 32570
Dear Mr. Carroll:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE BOARD OF COUNTY COMMISSIONERS OF SANTA ROSA COUNTY MAY VALIDLY ENACT AN ORDINANCE WHICH REQUIRES THE WRITTEN CONSENT FROM A MAJORITY OF LANDOWNERS AND HOMEOWNERS WITHIN A DESIGNATED DISTANCE OF PROPOSED LANDING STRIPS OR RUNWAYS OF AN AIRPORT FACILITY PRIOR TO THE CONSTRUCTION OF ANY ADDITIONAL AIRPORT FACILITY IN THE COUNTY?
The board of county commissioners wishes to enact an ordinance "relating to land use for airport construction" which would require that prior to the construction of any airport facility in the county, the written consent of a majority of the landowners owning land within 500 feet of the proposed landing strips or runways and of a majority of the homeowners living within 1000 feet of the proposed landing strips or runways be obtained and filed with the board of county commissioners. You ask whether it would be possible for the board to enact such ordinance in light of the provisions of s 330.36, F.S., since the county does not have any type of zoning in the unincorporated areas of the county. Chapter 330, F.S., the "State Airport Licensing Law," deals with the licensing of airports and airport site approval. Section330.36 provides that no municipality (defined by s 330.27[10], F.S., to mean pertaining to a municipality as defined in that subsection, which includes a county within such definition) zoning requirements. Section 330.36 further provides that all applicants for site approval and licensing under ss 330.28 — 330.36, 330.38
and 330.39, must show evidence of compliance with municipal (hereinafter county or counties) zoning requirements and evidence of notification to municipalities or counties in the immediate territory of intent to file such application. The determination of suitable sites and standards of safety for airports shall be in accordance with the provisions of ss 330.28 — 330.36, 330.38,330.39, without duplication of licensing and approval by counties. You state that "Santa Rosa County does not have any type of zoning in the unincorporated areas of [the county]." Section 330.36
specifically directs that no county shall control the location of airports except by county zoning requirements. The statute does not apply to or make any exception from the prescribed prohibition for a "land-use-for-airport-construction" ordinance or any county ordinance other than a zoning ordinance. A legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Even though the statute does not in terms prohibit the doing of a thing in another manner, the fact that it has prescribed the manner in which the thing shall be done is itself a prohibition against a different manner of doing it. Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Weinberger v. Board of Public Instruction of St. Johns County,112 So. 253, 256 (Fla. 1927); State ex rel. Reno v. Barquet,358 So.2d 230, 231 (3 D.C.A.Fla., 1978). Also, where a statute makes an exception, no others may be implied or written into the statute. See, Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Biddle v. State Beverage Dept., 187 So.2d 65 (4 D.C.A.Fla., 1966); Williams v. American Surety Co. of New York, 99 So.2d 877 (2 D.C.A.Fla., 1958). Other than the exception made for county zoning regulations, the determination of suitable sites, and standards of safety for airports must be in accordance with the provisions of ss 330.28 — 330.36, 330.38 and 330.39, F.S., without duplication and approval by counties. Section 330.36, F.S. Since s 330.36
operates to prohibit the county from controlling the location of airports by any means other than by a zoning ordinance and the proposed ordinance in question is not and does not purport to be a zoning ordinance, I must conclude that the board of county commissioners may not validly enact and enforce such a proposal.
Additionally, the proposed ordinance, if enacted, might well result in an illegal delegation or abdication of legislative power. An airport or landing field constructed and operated in a proper manner is not a nuisance per se. See generally, 2A C.J.S. Aeronautics and Aerospace s 70 (1972); Brooks v. Patterson,31 So.2d 472, 474 (Fla. 1947); cf., Corbett v. Eastern Air Lines, Inc., 166 So.2d 196 (1 D.C.A.Fla., 1964). Thus, the construction or maintenance and operation of an airport facility is not susceptible to regulation or proscription as a public nuisance by county legislative enactment. See, Brooks v. Patterson, supra; and S.H. Kress and Co. v. City of Miami, 82 So. 775 (Fla. 1919). The proposed ordinance does not zone any lands or prohibit the use of designated or specific lands at specific locations for airport purposes or establish any safety regulations or standards in the interest of and to protect the public health, safety or welfare. It simply requires the airport owner or developer to obtain the written consent of the majority of the specified landowners and homeowners prior to commencing construction of any additional airport facility in the county, and the only limitation upon such property owners in exercising their power to consent or withhold their consent to "the construction of any additional airport facility" is their own free will and choice or their own whims or unbridled discretion. It permits the adjoining landowners to regulate property rights and deny a landowner his right to use his property, not otherwise restricted or regulated by law, for a lawful use or purpose. In effect, the affected landowners and homeowners are delegated the legislative power vested in the county commission to determine the public policy and regulate property rights and whether an airport facility may be located, maintained and operated at any particular location. The governmental powers of the legislative and governing body of a county cannot be delegated. Crandon v. Hazlett, 26 So.2d 638, 642
(Fla. 1946); State v. City of Tallahassee, 177 So. 719 (Fla. 1937); Dade County v. State, 116 So. 72 (Fla. 1928); see also, Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116 (1928); and see generally, 16 C.J.S. Constitutional Law ss 133, 137 (1956); 62 C.J.S. Municipal Corporations ss 154, 226(10), 227(9) (1949); 101A C.J.S. Zoning and Land Planning s 30 (1979). See also, City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764
(Fla. 1974); Cassady v. Consolidated Naval Stores Company,119 So.2d 35 (Fla. 1960); Richey v. Wells, 166 So. 817 (Fla. 1936); Bailey v. Van Pelt, 82 So. 789 (Fla. 1919). Cf., Cusack Co. v. City of Chicago, 242 U.S. 526 (1917); Eubank v. City of Richmond,226 U.S. 137 (1912); Grova v. Baran, 134 So.2d 25 (2 D.C.A.Fla., 1961), appeal dismissed 145 So.2d 489 (Fla. 1962); Miller v. Ryan,54 So.2d 60 (Fla. 1951).
In sum, it is my opinion, until and unless judicially determined otherwise, that the Board of County Commissioners of Santa Rosa County may not validly enact an ordinance requiring the owner of lands proposed to be used for an airport facility to obtain and file the written consent of certain adjoining landowners and homeowners within a certain distance of the landing strips or runways of any proposed airport facility prior to commencing constructing of any additional airport facility in the county, where such proposed location, construction and use is not otherwise prohibited by law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General